### HARRISON SEALS v. THE STATE.

*No. 1114. Decided October 23rd, 1895.*

**1. "Witness"—Meaning of.**

"A witness," is one who bears testimony or furnishes evidence or proof; and not one who has merely been summoned to attend as a witness.

**2. Juror—Competency of When Summoned as a Witness.**

Sub. Div. 6, of Art. 636, C. C. P., provides, as a ground of challenge of a juror for cause, the fact that he is a witness in the case. Held: This provision of the statute can never apply to a man who has simply been summoned as a witness, but who has no knowledge of any material fact in the case; and a juror who had been summoned as a witness by defendant was not subject to challenge for cause by the defendant simply because he had been summoned by him.

**3. Juror—Voir Dire Examination.**

When a juror is accepted by both parties without a voir dire examination, as to his qualifications, and is afterwards interrogated by the District Attorney as to the statutory qualifications, and accepted by the State, and then challenged peremptorily by the defendant. Held: No possible injury to defendant is made to appear.

APPEAL from the District Court of Gregg. Tried below before Hon. FELIX J. McCORD.

This appeal is from a conviction for murder, in the first degree, with penalty assessed at life imprisonment in the penitentiary.

The parties to this killing were negroes. The deceased's name was Will Adkins; he was engaged to Silvia Wood, and they were to have been married on the night of the killing. Silvia testified, that appellant, Harrison Seals, was her uncle by marriage, and that she had been living with him five or six years, and he had been "keeping" her most of the time. About a week before the killing, she had told him she was going to marry deceased, and he became very angry and said, before she should do so he would kill deceased. Appellant made threats to others to the same effect. He borrowed a gun and ammunition from a friend. On the night of the killing, Will Adkins and Silvia Wood had gone to a ball at Sealy Cumbies, and Will was standing in front of the fire-place, when he was shot through a crack in the wall by some one on the outside, standing near the chimney. Parties coming to the ball heard the shot and saw appellant, whom they recognized, come running by them.

His tracks were found going to, at and returning from the chimney, where the assassin stood.    Appellant did not testify.

*F. B. Martin, De Graffenried & Young,* for appellant.

*Mann Trice,* Assistant Attorney-General, for the State.

[No brief found with the Record.—Reporter.]

HURT, PRESIDING JUDGE.—Appellant was convicted of murder in the first degree, for the killing of one Adkins, and his punishment assessed at confinement in the penitentiary for life.    Allen Knight, who served on the jury, was challenged for cause by appellant, the cause assigned being that he was a witness in the case.    It appears from the record that the special venire was issued on the 15th day of May, 1895, and on the 22nd day of May, 1895 (the day before the trial of this case), the defendant's attorney had fourteen of the special venire men summoned as witnesses.    The juror, Allen Knight, was one of them.    When his name was reached, the State waived the right to challenge, the juror having been summoned by the defendant, and the appellant then challenged the juror because he had him summoned.    The court overruled this challenge.    The juror was then taken by both parties.    Subdivision 6, Art. 636, Code Cr. Proc., provides that a witness in the case is obnoxious to challenge for cause.    Was Knight a witness in this case?    He was not.    The mere fact that a man is summoned as a witness does not make him a "witness," within contemplation of this statute.    A "witness," within the meaning of this statute, is one who bears testimony or furnishes evidence of proof (Cent. Dict.), and not one who has merely been summoned to attend as witness.    To hold that, because a man has been summoned as a witness, he would thereby become disqualified to sit as a juror in the case, would place it in the power of parties in a great many instances to defeat the object of the special venire.    The reason for the law giving a challenge for cause because the proposed juror is a witness, can never apply to a man who has simply been summoned as a witness without any knowledge of any material fact.    It is true they placed this man on the stand to prove something about distance, which was altogether immaterial, viewed in the light of the other testimony.    On his voir dire, Plummer was not questioned as to whether he was a householder in the county or a freeholder in the State, nor whether he was a qualified voter in the county, and could read and write.    Both parties accepted him.    If, after verdict, it had been discovered that he possessed neither of these qualifications, appellant could not have complained, because it was his duty to question him in regard to these matters, although State's counsel failed to do so.    But, after being taken by both parties, the District Attorney then asked him the questions, and he answered all in the affirmative; whereupon the State accepted the juror again, and the appellant challenged him peremptorily.    In this there was no possible injury to appellant.    The District Attorney had a right to ask the questions, notwithstanding he had accepted the

juror, and there was no injury to appellant in asking them. He (the appellant) was not forced by these proceedings to expend a challenge for cause or a peremptory challenge. He acted voluntarily in the exercise of his peremptory challenge. The proof in this case shows beyond any doubt that appellant calmly and deliberately assassinated the deceased. The judgment is affimed.

*Affirmed.*