SHERMAN STEPHENS v. THE STATE.

No. 4868. Decided January 30, 1918.

**Burglary—Incriminating Testimony—Grand Jury.**

Where, upon an appeal from a conviction of burglary, the record showed that appellant was carried before the grand jury and there made incriminating testimony against himself connected with the charge against him, and upon trial of the case objected to the introduction thereof as evidence, which the court overruled, the same was reversible error and was not cured by withdrawing same from the jury. Prendergast, Judge, dissenting.

Appeal from the District Court of Henderson.  Tried below before the Hon. John S. Prince.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

The court permitted Ora Hart to testify for the State over the objection of the defendant, and his testimony was as follows:

"The negro, Sherman Stephens, testified before the grand jury as follows: 'Said he got up there at Tom Frizzell's, he got up there at the house.  It seems he saw a squirrel up the road before he got to the house.  He goes on up to the house; I believe he said the doors were open and he went in the house and got something to eat; don't remember just about that; but anyway there was a gun sitting over in the corner; he got the gun and went on to find the squirrel; he couldn't find the squirrel, and two or three hours after that they caught him.  I believe he said that the doors were open, both doors were open and he just walked in—I believe that is what he said.'

"Judge J. S. Prince:  Before giving the charge the court permitted the witness Ora Hart to testify over the objection of the defendant to certain statements which the witness testified that the defendant made in the grand jury room—I now believe that that testimony was not admissible and I withdraw it from you.  You will not consider it for any purpose in the world; it is just as though you had not heard it."

The defendant's attorneys objected to the court permitting the said Ora Hart to testify, and the court overruled the objection and did permit said witness to testify as set out above, but just before he went to read the charge to the jury he then instructed the jury not to consider said testimony for any purposes as set out above.  That the defendant objected and excepted to the decision of the court, and this was done at the time said testimony was offered.

*Miller & Miller,* for appellant.

*E. B. Hendricks,* Assistant Attorney General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of burglary, his punishment being assessed at two years confinement in the penitentiary.

It is deemed unnecessary to notice but one question, which is properly raised by bill of exceptions which shows that appellant was carried before the grand jury and there made statements.  These were incriminating and connected him with the burglary.  Objections urged to the introduction of this evidence were overruled.  The testimony remained before the jury until the court gave his charge, when it was by the

charge withdrawn. This was error and of such a nature that we are of opinion its withdrawal did not cure the error.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*

PRENDERGAST, JUDGE (dissenting).—My associates do not state the facts. I will. The uncontradicted and unimpeached testimony, without any shadow of doubt, established that on August 13th, about noon, someone, by force, entered the home of Mr. Tom Frizzell while he and his good wife were at church, ate the dinner she had prepared, tumbled up the beds and dresser drawer and things in the house generally, evidently hunting for valuables to steal, and among other things, stole Mr. Frizzell's gun, nearly two boxes of cartridges and two plugs of tobacco, and fled. Mr. Frizzell and wife arrived home very soon after their home was broken into and must have at once called an officer. The deputy sheriff soon arrived and began a chase after the burglar. The officer got onto his tracks and followed them, and ran him for some distance afoot. He then got on a horse and he and others of his posse, headed him off in a field, after running him about three-fourths of a mile, caught the burglar, who was appellant. When caught he still had said tobacco and some of the shells. In his flight he had thrown the gun away on a branch along which he ran. When asked where the gun was he took the officer, went to where he had thrown it in his flight, got and delivered it to the officer. The gun and cartridges were restored to the owner, Mr. Frizzell. The tobacco was unfit for anyone else so the officer let appellant chew it. There was no evidence, or suggestion, or claim, in any way, that any other person broke into Mr. Frizzell's house and stole said property or any of it, other than appellant himself. There can be no doubt but that he, and he alone, was "the thief who did break through and steal." He offered no witness or testimony whatever.

My associates reverse this case, as their opinion shows, on one bill of exceptions alone. The reporter will copy said bill in full in reporting this case. It is on pages 18 and 19 of the record.

It will be seen from this bill that the testimony he gave before the grand jury was wholly exculpatory—in no way inculpatory. There is no intimation by the bill that his appearance was other than voluntary, nor is there an intimation therein that he was under arrest or in custody. If the grand jury had believed his testimony they would have indicted him solely for petty theft. There can be no doubt, from the bill, but what he wanted to testify before the grand jury and did so, to try to prevent an indictment for burglary. His testimony before the grand jury was, therefore, clearly admissible as an admission by him as any other admission would have been, under all the authorities.

But even if it could be held that it was not admissible, the judge,

as the bill shows, withdrew it from the jury because he had concluded it was not admissible, and told them, "You will not consider it for any purpose in the world." There can be no sort of doubt that the jury did not consider it, for if they had, and believed it, they would not have convicted, but would have acquitted him of burglary.

They assessed the lowest punishment. He could not have been injured by it. The withdrawal of it clearly cured the error, if any, in its admission. The authorities are all to that effect. I will quote what this court, through Judge Davidson, held in the death penalty case of Miller v. State, 31 Texas Crim. Rep., 609. He said: "The affidavit charging defendant with the offense of slander was also admitted in evidence. The slander charged imputed to the female mentioned a want of chastity of a most revolting nature. The contents were .hardly germane to any issue in the case, in the absence of evidence bringing home knowledge to defendant of the existence of the affidavit, *and we are not prepared to say that it may not have prejudiced defendant in the minds of the jury.* The court, however, subsequently withdrew the affidavit from the consideration of the jury, and instructed them verbally, as well as in writing, to disregard it as evidence in the case. The effect of withdrawing and excluding testimony erroneously admitted, which was or may have been prejudicial in its nature and tendency, has been the subject of much discussion in the courts, and the decisions are not harmonious upon the question. The weight of authority, however, seems to be that such withdrawal cures the error, and such has been the opinion entertained by this court. Sutton v. State, 2 Texas Crim. App., 342;.Marshall v. State, 5 Texas Crim. App., 273; Phillips v. State, 22 Texas Crim. App., 139; Nalley v. State, 28 Texas Crim. App., 387. See also State v. Towler, 13 R. I., 661; Thomp., Trials, secs. 715, 722, 823 and notes.

"In Sutton's case, supra, it was said: 'But conceding the court erred in admitting this testimony, the error, if in fact any was committed, was corrected by the court afterwards withdrawing it from the consideration of the jury.' This ruling has been approved in subsequent cases, and the doctrine uniformly upheld, that when improper evidence has been admitted over objection, it is the proper practice, and may become the duty of the court, to exclude or withdraw it from the jury, and instruct them to disregard it in finding their verdict. Authorities above cited; Wilson Crim. Stats., sec. 2514.

"*To hold otherwise would be to sanction the doctrine that the court could not cure any error into which it may have fallen by mistake or inadvertence, and thus render it helpless to rectify errors committed, and the trial a mockery and a farce. We can not sanction such a doctrine.*" I add, it would not only be "a mockery and a farce," but it would require a perfection in trial judges which would be unreasonable, absolutely unattainable and absurd. That case has many times been cited and quoted and is good common sense, is right, and is the law. Miller v.

State, 79 Texas Crim. Rep., 9, 185 S. W. Rep., 29; Martoni v. State, 74 Texas Crim. Rep., 90, 167 S. W. Rep., 349; McDavid v. State, 77 Texas Crim. Rep., 617, 179 S. W., Rep., 881. The cases so holding are too numerous to collate. Many others are cited in the above cited cases.

This case should be affirmed not reversed. I dissent.