# HARRY ATWOOD v. THE STATE.

### No. 7839. Decided January 2, 1924.

**1.—Possessing Intoxicating Liquor—Sufficiency of the Evidence.**

Where, upon trial of unlawfully possessing intoxicating liquor for the purpose of sale, the evidence was sufficient to support the conviction there is no reversible error.

**2.—Same—Whisky—Intoxicant—Charge of Court.**

Upon trial of possessing intoxicating liquor for the purpose of sale, there was no error in the Court's charge in instructing the jury that whisky was an intoxicating liquor, nor was there any error in the Court's refusal of the peremptory instructions in defendant's favor.

**3.—Same—Requested Charge—Actual Care and Management.**

Upon trial of possessing intoxicating liquor for the purpose of sale, there was no error in the refusal of a requested charge in substance that if the jury believed that the garage in question was controlled and managed by any person other than the defendant or if they had a reasonable doubt of such fact, they would acquit the defendant; the Court instructing the jury that defendant must have had actual personal care and management of the liquor.

**4.—Same—Requested Charge—Possession of Liquor.**

It was not necessary for appellant to have charge of the garage under which the alleged intoxicating liquor was found in order to be guilty, nor

was it necessary that by reason of having charge of the garage he knew that the liquor was under the floor in order to arrive at the same conclusion.

### 5.—Same—Charge of Court—Principals.

Where the evidence showed that the defendant was acting together with another in the possession of alleged liquor for the purpose of sale, there was no error in the Court's charge in submitting this proposition.

### 6.—Same—Jury and Jury Law—Jury Wheel—Court House.

A substantial compliance with the statutes with reference to filling the wheel and drawing the jury is all that is required, and while the law requires that filling the jury wheel, etc., to take place at the courthouse this would not be literally binding in every case, and a building or office rented for the purpose of official use and under the control of the county authorities would be such place as is contemplated by the statutes.

### 7.—Same—Jury and Jury Law—Jury Wheel—Qualified Jurors.

Where it appeared from the testimony of the deputy sheriff, who called off the names of the qualified jurors from the poll tax list, that the officers so drawing the jury from the wheel marked off road overseers, lawyers, doctors, and other classes of citizens and did not put the name of any fireman into the wheel, etc., such action of the officers was in direct violation of the statutes and reversible error. Following Gunn v. State, 90 Texas Crim. Rep., 209.

### 8.—Same—Evidence—Other Transactions.

Upon trial of possessing intoxicating liquor for the purpose of sale, it was permissible to prove the sales of liquor by the defendant at times varying apparently from near to the date of this offense and extending back for several months, restricting the consideration of such evidence in connection with defendant's possession thereof for the purpose of sale.

### 9.—Same—Summoning Jurors—Sheriff's Return.

The failure of the sheriff to make his return conform strictly to article 5164, Revised Civil Statutes, in summoning jurors in cases less than capital, does not require a reversal unless in some way injury is made to appear.

### 10.—Same—Summoning Jurors—Sheriff.

The qualification of the trial judge to the bill of exceptions makes plain the fact that he directed the sheriff to use all diligence in summoning all jurors who were drawn and not served and the sheriff reported that he was unable to do so, there is no reversible error.

### 11.—Same—Evidence—Conversation.

Where the conversation by defendant with another was material as supporting the proposition of defendant's possession of the liquor in question the same is admissible in evidence.

### 12.—Same—Evidence—Prior Purchases.

There was no error in admitting testimony of five witnesses to the effect that they purchased intoxicating liquor from the defendant prior to the date of the raid mentioned, and the fact that some of said witnesses were unable to fix the exact time of said purchases would not affect the admissibility of this testimony, and this could be proved by more than three witnesses where different purchases were made.

**13.—Same—Evidence—Testing Liquor—Whisky.**

There was no error in the introduction of testimony of two bottles of the whisky alleged to have been found in defendant's possession and permitting the jurors to smell the bottles, it not being shown that the jury were influenced by or relied upon their own judgment in determining the intoxicating character of the liquor by its odor.

**14.—Same—Bills of Exception—Practice on Appeal.**

Where the bills of exception, containing the testimony heard by the Court in support of the motion for new trial, were not filed during term time, they cannot be considered on appeal. Following Knight v. State, 64 Texas Crim. Rep., 541, and other cases.

Appeal from the District Court of Eastland. Tried below before the Honorable Geo. L. Davenport.

Appeal from a conviction of possessing intoxicating liquor for the purpose of sale; penalty, two years in the penitentiary.

The opinion states the case.

*Burkett, Orr & McCarty* for appellant. On question of personal possession of liquor, Lankford v. State, 248 S. W. Rep., 389; Smith v. State, 234 id., 893, and cases cited in opinion.

*Grover C. Morris,* Assistant Attorney General, for the State. On question of summoning jurors, Asbeck v. State, 156 S. W. Rep., 926. On question of conversation between defendant and another, Anderson v. State, 236 S. W. Rep., 221. On question of bills of exception, Crowley v. State, 242 S. W. Rep., 472.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Eastland County of possessing intoxicating liquor for purposes of sale, and his punishment fixed at two years in the penitentiary.

We have carefully examined the statement of facts and find ourselves in disagreement with appellant's contention that the evidence is not sufficient to support the verdict. Briefly the facts show that a carefully prepared receptacle under the floor of a court or building adjacent to that unquestionably run by appellant was found to contain fourteen bottles of bottled in bond whisky. A heavy plank in the floor had been carefully arranged so that it moved upon concealed hinges. A Yale lock had been set into said plank, the location of which was artfully hidden under an ordinary soda water bottle stopper. This metal stopper upon being removed revealed the Yale lock, unlocking which the plank could be raised upon its hinges and the place of the storage of the liquor thus revealed. The proof showed that the building was moved from another place to where it stood by appellant, or at most by appellant and one Barnes, one

making the arrangement to move it and the other paying for the work. The men who put the hinges in the plank and the lock therein, thus making the necessary arrangement to the successful working of the concealed place for storing the liquor, testified that they did this work at the request and under the supervision of appellant. A number of men testified that at various times anterior to the finding of the hidden store, they had bought liquor from the appellant. Nearly all of the witnesses who testified about the matter said that the liquor found by means of the raid in question was whisky. The learned trial judge instructed the jury that whisky was an intoxicating liquor. We think no error was thereby committed. We deem it unnecessary to further express our views that appellant's bill of exceptions No. 1, complaining of the refusal of a peremptory instruction in his favor, presents no error.

Appellant's bill of exceptions No. 4 complains of the refusal of a special charge in substance that if the jury believe that the garage in question was controlled and managed by any person other than the defendant, or if they had a reasonable doubt of such fact, they would return a verdict of not guilty. The refusal of this was proper. Appellant was not charged with keeping premises for the purpose of storing liquor, etc., and the issue as to the control and management of the garage in question would not be decisive of the question before this jury. The garage as such might be controlled and managed by Cleve Barnes and at the same time the liquor stored under a particular part of the floor, be in the possession and control of this appellant. The court below instructed the jury that in order to possess liquor as that term was used in the charge, the party possessing must have a personal relation to it, that is, must have actual, personal care, control and management of it. This was favorable to the appellant.

Appellant complains of the refusal of a special charge in substance that the jury must believe beyond a reasonable doubt that he had charge of the garage in question under which the alleged intoxicating liquor was found and by reason thereof knew that said liquor was under said garage, and that if the jury had a doubt as to either of those conditions they would resolve same in favor of the defendant and acquit him. We do not think either proposition correct. As we have above indicated, it was not necessary for appellant to have charge of the garage in question in order to be guilty, nor was it necessary that by reason of having charge of the garage he knew that the liquor was under the floor, in order to arrive at the same conclusion.

Appellant presented various exceptions to the court's charge which we have carefully examined and with no contention in which are we in accord. Complaint was made of the fourth paragraph of the court's charge because it submitted the proposition that appellant would be guilty if he either alone or in conjunction with some other

person possessed the liquor in question for the purpose of sale. Such charge upon appropriate facts would be entirely correct. The evidence seems to raise the proposition of the acting together in the control and management of the premises of appellant and another, and in our opinion none of the exceptions to the charge were sound.

Appellant filed a motion to quash the jury panel based in part upon the proposition that the jury wheel was not filled from the tax lists of the qualified voters of the county, and in part on the fact that the action of the authorities in filling the wheel and drawing the jury did not take place at the courthouse as required by statute. Evidence was heard by the trial court in support of appellant's motion to quash. It was shown that because of lack of room in the courthouse proper, the county commissioners had rented rooms across the street for the use of the collector and assessor of the county, and that the filling of the wheel and the drawing of the jury took place in the assessor's office. The evidence shows that an order had been made by the commissioners court including these outside offices within the courthouse. Aside from the sufficiency of this order to meet this objection, we would not be inclined to sustain appellant's contention in this regard. Substantial compliance with the statute is all that is required, and while the law in question requires the filling of the jury wheel, etc., to take place at the courthouse, we would not understand this to be literally binding in every case. If so there would be cases in which no juries could be drawn or obtained because of the lack of courthouses. Appellant's contention would prevent the securing of juries in counties whose courthouses had been destroyed or had become unsafe, or which were without such buildings. In our opinion a building or office rented for the purpose of official use and under the control of the county authorities would be such place as is contemplated by the statute.

The evidence in support of the other part of appellant's motion presents a more serious question. The provisions of Chapter 5, Vernon's Complete Texas Statutes 1920, lay down plain rules regarding those persons who shall be drawn for jury service in counties containing the required city population. The language of the statute is "Shall select from the list of qualified jurors of such county as shown by the tax lists in the tax assessor's office for the current year, the jurors for service in the district and county courts of such county for the ensuing year in the manner hereinafter provided." Article 5152 of said chapter specifically says that "The aforesaid officers shall write the names of all men who are known to be qualified jurors under the law, on separate cards" etc. A subsequent article provides that the cards containing "the aforesaid names" shall be deposited in the jury wheel, etc. In Vasquez v. State, 76 Texas Crim. Rep., 254, 172 S. W. Rep., 226, appears the statement that if it is made to appear from the record that the officers had intentionally omitted to

place in the wheel the name of any person known by them to be a qualified juror, it would be ground to quash the venire, even though the record did not go so far as to show injury to the appellant. It was contended in that case that there were persons in the county of the trial who were qualified jurors whose names were not put into the wheel. This court further said:

"The officers named would have no authority or right to refuse to place in the wheel the name of any person known by them to be a qualified juror. But in this case, in the bill, it is not claimed that the name of any person known at that time to be a qualified juror was intentionally left off the list of those placed in the jury wheel. The information as to other qualified jurors may have been received by the officers after the jury list was drawn."

It would thus appear that the court intended to commit itself to the doctrine that names of qualified jurors which were unintentionally omitted or left out by inadvertence from the wheel, even though shown, would not necessitate the quashing of the panel. Further in that opinion we find the following:

"All the law requires is that the officers named shall place in the jury wheel the names of all persons known to them at that time to be qualified jurors in the county. If they, through inadvertence or oversight, or through lack of knowledge, should fail to place in the wheel the names of persons who are qualified jurors, in the absence of injury shown to appellant, this would not present ground to quash the venire."

Examining the testimony offered in support of this part of appellant's motion, we observe without quoting from the testimony of the various witnesses that it was shown that the officers used the poll tax list in selecting the names for the jury wheel and that there were other qualified jurors shown upon the tax list in the assessor's office aside from the poll list. There is no dispute of the fact that the wheel was filled from the poll tax list only. Manifestly this would not include qualified jurors who by reason of their ages were exempted from the payment of poll taxes, and it is admitted that no effort was made to put the names of any of those exempted from the payment of poll taxes into the jury wheel. From the testimony of the deputy sheriff who called off the names from the poll tax list we further observe that he says they marked off the road-overseers, excluded lawyers, doctors and other classes of citizens. This witness further states that they did not put the name of any fireman into the wheel. Another witness testified, "There were some classes of citizens excluded and not placed in the jury wheel." It would thus appear that the action of the officers was in direct violation of the statute. In Gunn v. State, 90 Texas Crim. Rep., 209, we held actions on the part of the county officials such as appear from the record in this case to be plain violations of the statutory provisions, and that if

the officers entrusted with the filling of the wheel might exercise their discretion in excluding certain classes of jurors, there would be no limit and the statutory method might be entirely abrogated. We think the action of the authorities erroneous and of such materiality as to require a reversal of this judgment.

One of the essential elements of the offense of possessing liquor for the purpose of sale is that there must be evidence establishing sufficiently the purpose for which the liquor was had. In many cases this court has held it admissible to prove sales of liquor by the accused, as tending to establish the issue just mentioned. The state proved by a number of witnesses that at times varying apparently from near to the date of this offense extending back for several months appellant had made many sales of liquor. We think the testimony admissible, and that the charge of the trial court properly restricting the jury's consideration of said evidence to the issue of whether the liquor found and claimed to have been in the possession of appellant, was in fact held by him for purpose of sale.

We would not think the failure of the sheriff to make his return conform strictly to Article 5164, Revised Civil Statutes, in summoning jurors in cases less than capital, would require a reversal unless in some way injury was made to appear.

Appellant moved to require the sheriff to summon all jurors who did not answer the jury summons. The qualification of the learned trial judge to the bill makes plain the fact that he thereon directed the sheriff to use all diligence in summoning all jurors who were drawn and not served, and that the sheriff reported himself unable to secure any of those who had not been theretofore summoned.

By bill of exceptions complaint is made of a conversation had by Mr. Jamison with appellant on Wednesday before the alleged raid and on the day following same. There is no suggestion that on either occasion the accused was in duress and the burden is upon him who makes an objection to bring himself by sufficient showing within the ground of his objection. The conversations had with Mr. Jamison were material as supporting the proposition of appellant's possession of the liquor in question. What was said by Mr. Jamison was a part of the conversation, necessary to be introduced in order to comprehend the statement of the appellant made in reply.

We believe no error was committed in the admission of the testimony of the five witnesses who testified to their purchase of intoxicating liquor from this appellant prior to the date of the raid mentioned. The fact that some of said witnesses were unable to fix the exact time of the purchase would not affect the admissibility of the testimony. Nor do we think the contention that the State was allowed to prove the sale of liquor by more than three witnesses, to possess any merit. The proposition advanced by appellant is not sound in

fact and appears to us to have no application in the instant case. The witnesses testified to different purchases cf liquor.

After the introduction in evidence of two bottles of the whisky alleged to have been found in appellant's possession, the jury were permitted to smell the bottles. The objection to this was held by us not tenable in Cook v. State, 95 Texas Crim. Rep., 553, No. 7451, recently decided. No proof was offered at any time of the fact that the jury were influenced by or relied upon their own judgment in determining the intoxicating character of the liquor by its odor.

Appellant's bills of exception Nos. 21 and 22 can not be considered by us because dependent upon the narration therein of testimony heard by the court in support of the motion for new trial. The bills of exception containing this testimony were not filed during term time. The trial ended on February 3, 1923, and the bills of exception were filed on April 14th thereafter. Ash·v. State, 93 Texas Crim. Rep., 189, 245 S. W. Rep., 927; Knight v. State, 64 Texas Crim. Rep., 541; Crowley v. State, 92 Texas Crim. Rep., 103, 242 S. W. Rep., 472.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*