### J. W. MEYERS v. THE STATE.

No. 13537. Delivered June 4, 1930.
Rehearing denied October 22, 1930.
Reported in 31 S. W. (2d) 648.

The opinion states the case.

*Bert G. Ashby* and *Baskett & DeLee,* all of Dallas, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

As to the manner of selecting a jury, appellant cited Hunter v. State, 31 S. W. Rep. 674; Gunn v. State, 90 Tex. Crim. Rep. 209; Clayton v. State, 201 S. W. Rep. 172; Johnson v. State, 218 S. W. Rep. 496; Harrison v. State, 3 Tex. App. 558.

Pertinent to the question growing out of the contention that the trial was had upon a copy of the indictment and not the original, appellant cited Clampitt v. State, 3 Tex. Crim. Rep. 638; Reed v. State, 42 Tex. Crim. Rep. 572; Morris v. State, 257 S. W. Rep. 899.

*Reporter.*

CHRISTIAN, JUDGE.—The offense is robbery with firearms; the punishment, confinement in the penitentiary for 99 years.

A former appeal is found reported in 19 S. W. Second Series at page 317.

Appellant made a motion to quash the special venire panel on the ground that the list did not contain the full number of names of qualified jurors ordered by the court. It appears that the court ordered the clerk to draw 250 men. As drawn, the list contained the names of 250 persons. Among these names appeared the following: Mrs. M. L. Bock, Mrs. C. R. Blaha and Mrs. D. Orill. When the names contained on the list were called the parties last mentioned did not appear. Appellant asked for no attachment for said parties. Appellant contends that the three parties named were manifestly women and incompetent, under the statute, to serve as jurors. He argues that the officers drawing the venire were put on notice by the prefix "Mrs." that said names were improperly in the jury wheel, and that the drawing of their names was equivalent

to drawing blank cards. The opinion is expressed that the officers drawing the venire had no authority to disregard said names. They were not clothed with the power to determine the question of competency. It was for the trial judge to determine whether the list contained names of persons who were incompetent to serve as jurors. The prefix "Mrs." could inadvertently be placed before the name of a man. It would not seem to be the duty of the officer drawing the names of the jurors to determine whether such mistake had been made. It was said in Hunter v. State, 31 S. W. 674: "After the court has made its order, the duties of the clerk are not judicial, but merely ministerial, under the statute, and he has no option "but to draw the exact number of men ordered by the judge."· The clerk drew the full list in number as ordered by the court. That some of those named in the list were incompetent under the law and that the number was reduced by virtue thereof did not afford a ground to quash the venire.

Appellant filed his second application for a continuance wherein he alleged that he was not ready for trial because of the absence of two named witnesses who would testify that appellant was, in their opinion, of unsound mind at the time of the commission of the offense. It was stated in the application that the witnesses would detail acts, conversations and the extent of their observation of appellant as a predicate for the expression of their opinion. The court qualified the bill of exception with the statement that as to one of the absent witnesses, appellant's counsel announced to the jury and to the court during the trial that he was glad the witness had not been found as he "not only did not expect her to be found but hoped she would not be found." As to the other witness, the qualification is to the effect that appellant waited six months after the indictment had been returned before requesting a subpoena for the witness. This witness was not served with the process. As qualified, the bill of exception fails to manifest error.

In his motion for a new trial appellant alleged that the trial had proceeded upon a copy of the indictment, and that he had not been tried upon the indictment returned by the grand jury. The court heard evidence on the motion, and, as we understand the record, was warranted in finding that the indictment upon which appellant was tried was the original indictment returned by the grand jury. It was signed by the foreman of the grand jury. The clerk of the court testified that same was the indictment "returned by the grand

jury into this court and was receipted by me as the original and taken as the original."

Failing to find error, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—In the motion for rehearing the contention is renewed that the court should have quashed the special venire. The disposition made on the original hearing is deemed correct. It affirmatively appears from the bill of exceptions, as qualified, that there was no request to have brought into court the three persons whose names were prefixed with the letters "Mrs." or to have process issued for them. It further appears that the jury was selected without the accused exhausting his peremptory challenges. As stated in the original hearing, it was the imperative duty of the officers drawing the jurors from the wheel to list them as they were drawn. To have refused to list those with the prefix "Mrs." and drawn others in lieu thereof from the wheel would have been a departure from the statutory command. See Art. 591, C. C. P., 1925; also Gunn v. State, 90 Tex. Cr. R. 209; Harris v. State, 91 Tex. Cr. R. 446. There appears to have been no evidence adduced, other than the prefix mentioned, that the persons named were women. When they failed to appear, it was the privilege and duty of the appellant, if he desired their presence, to have demanded the issuance of process for them. See Jones v. State, 85 Tex. Cr. 539, in which there was an affirmance of the conviction where the venire list named 500 persons and but 200 were summoned and only 100 remained after these having excuses were eliminated. An immaterial departure from the statutory provisions touching a special venire where the facts demonstrate an absence of injury has not been regarded as ground for a reversal of the judgment. See Harris v. State, supra, and cases therein cited; also Cotton v. State, 86 Tex. Cr. R. 390.

The motion for rehearing is overruled.

*Overruled.*

HAWKINS, J., absent.