**A. J. THOMAS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 46411.**

Court of Criminal Appeals of Texas.

July 11, 1973.

Marvin L. Nebrat, Corpus Christi, for appellant.

William B. Mobley, Jr., Dist. Atty., and John M. Potter, Asst. Dist. Atty., Corpus Christi, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

Appeal is taken from a conviction for robbery by assault. Punishment, enhanced under the provisions of Article 62, Vernon's Ann.P.C., was assessed by the court at life.

At the outset, appellant urges that the court erred in overruling his motion to quash the jury panel in that the jury wheel in Nueces County was not filled with names in accordance with prevailing statutory requirements.

The record reflects that the jury wheel in Nueces County, as it was composed in August, 1970, became inoperable as the result of cards in the wheel sticking together. It further appears that a temporary restraining order issued out of the United States District Court for the Southern District of Texas prohibiting the use of the jury wheel as it was constituted in August, 1970. In March, 1971, the temporary restraining order was dissolved by agreement of the parties. Appellant was not a party to this lawsuit. Oscar Soliz, District Clerk of Nueces County, testified that the jury wheel was emptied of names and refilled in March, 1971.[1] According to Soliz, 132,000 names placed in the wheel (March, 1971) came from voters' registration lists and property tax lists. Eighteen thousand more names were furnished by lawyers in Nueces County. After these names were checked by the clerk and his staff against the voter registration lists and property tax lists to be sure there were no duplications and to determine if the persons named were still living in Nueces County, 5,000 of these names were deleted. The remaining 13,000 were placed in the jury wheel.

Article 2094, V.A.C.S., in effect at the time appellant's trial began (July 12, 1971)[2] provided that the tax collector, sheriff, county clerk and district clerk

1. Article 2100, Vernon's Ann.Civ.St., provides for reconstituting the jury wheel where the cards are drawn out of the wheel.

2. Article 2094, V.A.C.S., as amended (effective July 15, 1971) provides: "Between the first and fifteenth days of August of each year, in each county in this State, the tax collector, sheriff, county clerk, and district clerk of the county, each in person or represented by one of his deputies shall meet at the county courthouse and reconstitute the jury wheel, using as the sole and mandatory source, all names on the voter registration lists from all precincts in the county."

meet between the first and fifteenth days of August of each year and select a list of qualified jurors of such county as shown by the tax list in the tax assessor's office for the current year.

Appellant urges that the jury wheel from which the jury was chosen to try his case was not filled according to statutory requirements, the jury wheel having been filled with a combination of names from the tax rolls, names from the voter registration list, and names supplied to the clerk by a number of law firms in Corpus Christi.

In Atwood v. State, 96 Tex.Cr.R. 249, 257 S.W. 563 (1924), cited by appellant, this Court held that substantial compliance with statute requiring filling of wheel is all that is required, but that action of officers in intentionally excluding certain classes of citizens from names placed in jury wheel required reversal. In Gunn v. State, 90 Tex.Cr.R. 209, 234 S.W. 399 (1921), cited by this Court in *Atwood*, this Court held it was error for clerk to exclude certain names from venire list because of the trial court's conclusion that certain persons were witnesses or absent from the county. In Heflin v. Wilson, 297 S.W.2d 864 (Beaumont Court of Civil Appeals—1956), cited by appellant, selection of jurors in Nacogdoches County was made by jury commission under special act of the legislature applicable to the 145th Judicial District. But for the special act of the legislature, Nacogdoches County was a county in which it would have been necessary to use the jury wheel in selecting jurors. The special act of the legislature (applicable only to the 145th Judicial District) was held unconstitutional. The court said there was not substantial compliance with the law in selecting jurors, and that such error required reversal.

Article 2094, V.A.C.S., in effect at the time of the trial of the instant case, pro-vided for selection of jurors from the tax list.

When the payment of a poll tax was invalidated as a prerequisite for voting,[3] the question of what constituted a "tax list" under Article 2094, V.A.C.S., created a problem for officials charged with the responsibility of placing the names of qualified jurors in the jury wheel. Attorney General's Opinion C–642 (May 30, 1966) stated that county tax assessor's lists of property subject to taxation were the tax lists referred to in Article 2094, V.A.C.S., but that such lists were not the exclusive source from which the names were to be obtained. The opinion went on to say that officers preparing cards for the jury wheel should include the names of all persons within the county whom they know to be qualified for jury service, and that names of voters who registered under the provisions of the voter registration law might properly be placed in the jury wheel.

In the instant case, the district clerk testified that 132,000 names were taken from the voter registration lists and property tax lists and placed in the jury wheel. An additional 13,000 names came from Corpus Christi attorneys and were checked by the clerk and his staff and placed in the jury wheel. There is no showing that any class of citizens was excluded as in Gunn v. State, supra, and Atwood v. State, supra. Appellant's sole complaint appears to be that the Nueces County officials did not follow the statute in obtaining the contents of the jury wheel. We find there was substantial compliance with Article 2094, V.A.C.S. (in effect at the time in question) in the filling of the jury wheel with names from which the panel was drawn to try the instant case. Further, there is no showing that the manner in which the jury wheel was reconstituted resulted in harm to appellant. See Harrington v. State, Tex.Cr.App., 424 S.

---

3. United States v. State of Texas, 252 F.Supp. 234, aff'd 384 U.S. 155, 86 S.Ct. 1383, 16 L.Ed. 2d 434.

W.2d 237; De Vault v. State, 159 Tex.Cr. R. 360, 264 S.W.2d 126.

We perceive no error.

Appellant next contends that the court erred in overruling his objection to the enhancement portion of the indictment because there is a variance between the date of the conviction alleged in the indictment and the date shown on the face of the sentence.

The pertinent portion of the indictment alleges that prior to the commission of the primary offense "on the 19th day of January, 1967, in the District Court of Nueces County, Texas in Cause No. 12680 on the docket of said court, the said A. J. Thomas was duly and legally convicted in said last named court of a felony less than capital, to-wit, robbery by assault."

The judgment and sentence introduced into evidence at the punishment stage of the trial for the purpose of enhancement of punishment bear the Cause No. 12680. At the top right hand side of both instruments, there appears, "August Term A.D. 1966," and immediately thereunder on the judgment, "Date January 19, 1967." Under the term date on the sentence there appears, "Date January 19, 1960." Appellant urges that the variance between the date alleged in the indictment, "19th day of January, 1967," and the date shown on the sentence, "January 19, 1960," is fatal. After noting that "This day this cause being again called," the sentence reflects the presence of appellant, his counsel and counsel for the State and states appellant was brought into open court in person, "for the purpose of having the sentence of the law pronounced in accordance with the judgment herein rendered" and shows that appellant waived time for filing motion for new trial. The sentence recites "that the judgment and sentence shall begin to run from and after the 26 day of December, 1966, the date the Defendant was placed in jail in this Cause."

The cause number, name of appellant, court, offense, term date and day of the month are identical on the judgment and sentence and support the allegations in the indictment. It would, of course, be impossible for appellant to be sentenced on January 19, 1960, in accordance with a judgment rendered on January 19, 1967. Likewise, the January 19, 1960 date is obviously at odds with the portion of the sentence providing that judgment and sentence shall begin to run from and after the 26 day of December, 1966, "the date appellant was placed in jail in this cause."

We do not find the cases of Goodale v. State, 146 Tex.Cr.R. 568, 177 S.W.2d 211 and Childress v. State, 131 Tex.Cr.R. 487, 100 S.W.2d 102, cited by appellant, to be controlling since the proof of prior convictions in those cases was manifestly at variance with the allegations in the indictments.

The year "1960" appearing on the sentence in the instant case is patently a clerical error[4] and does not render the proof of the conviction relied on for enhancement at variance with the allegation in the indictment. See Matula v. State, Tex.Cr.App., 390 S.W.2d 263. See also McGee v. State, Tex.Cr.App., 473 S.W.2d 486; Glenn v. Liggett, 135 U.S. 533, 10 S. Ct. 867, 34 L.Ed. 262.

The judgment is affirmed.

Opinion approved by the Court.

4. It is noted that on November 9, 1972, the trial court ordered entry of a corrected sentence nunc pro tunc in Cause No. 12680 to reflect the date of January 19, 1967. The court found that a typographical error was responsible for the discrepancy in dates of the sentence and judgment.