TOM SELLMAN v. THE STATE.

No. 12986. Delivered February 19, 1930.
Rehearing denied April 2, 1930.
Reported in 26 S. W. (2d) 214.

The opinion states the case.

*G. A. Walters* of San Saba, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

· MARTIN, Judge.—Offense, hog theft; penalty, two years in the penitentiary.

There was on the J. W. Gibbons ranch in San Saba County a hundred head of hogs, more or less. Among these was a motley faced white and black spotted one. Employees on this ranch observed a fresh car track, it being shown that the ground was soft from recent rains. Ahead of them they heard gun shots. Following the car track, they came upon appellant and his companion Banks standing near a car on the front and back wheels of which were tires of different makes. They made different imprints on the ground and it was shown would make the imprint found in the car track followed by these parties. Appellant and his companion were near the car and a short distance away was the motley faced spotted hog, above mentioned, that had apparently been shot and was dying. Appellant and his companion had a gun and claimed they were deer hunting. This was about November 2, before the deer season opened. The witnesses rode away and returning to the same spot in a short time, found a "bloody drag" where something had apparently been killed and dragged up to the tracks of a car, making the same imprint in the soil as the car of appellant and his companion. Close by was evidence that a second hog had been killed and taken away. This car was trailed out and in the direction of Rochelle, where appellant and his companion lived. Going to Rochelle, they found in possession of Banks the same car observed in the pasture and in it was blood and hog's hair. Some two or three miles away they found two sacks containing the heads and hides of recently slaughtered hogs. The hides were cut into strips and the brand had been cut out apparently. The ears had been cut off. The motley faced hog was marked and branded and was positively identified as the property of Gibbons by the witnesses at the time it was seen dying in the pasture. It was never seen after that day alive on the range. One of the heads and hides found in the

sacks fitted the description of this hog. Imprints of car tracks were nearby these sacks similar to those in the Gibbons pasture, above mentioned. Appellant was arrested and on him was found a knife having blood on same and grease. These are the chief incriminating facts and they are deemed fully sufficient to sustain the conviction.

Bills of exception are found in the record questioning the admissibility of the evidence of certain witnesses as to what they saw on the ground at the scene of the alleged theft. They present the same question and a discussion of one of these will suffice to illustrate the nature of all. The owner of the hogs, John W. Gibbons, testified that he went to the spot where witnesses claimed to have seen appellant and his companion Banks near the scene of the dying hog above mentioned some hours after the transaction testified to by these witnesses and was permitted to testify that he there observed car tracks where a hog had been loaded. All the physical facts found on the ground were testified to by witnesses, among others that the ground bore evidence that a bloody object had been dragged over it up to where car tracks appeared and from which they led away. It was objected that this was hearsay evidence and was a conclusion of the witness. The Court qualified this bill to show that the conclusion of this witness was excluded and the facts found on the ground only were permitted to go to the jury. Clearly the matter was not hearsay. It was the relation of incriminating physical facts found on the ground tending to show the guilt of appellant and because he was absent at the time was no ground for its exclusion. If the conclusion of the witness had not been stricken, the physical facts testified to so completely evidenced the truth of the conclusion that it was but stating a fact already obvious to the jury. The conclusion was not upon a disputed issue. As we view the record the disputed issue was the connection of appellant with such hog, not that a hog had been killed and loaded. While it was perhaps improper to permit the statement of a conclusion, under the facts of this record, we believe that such error, if any, was harmless.

Judgment affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—Lane was one of the witnesses who heard the gun shots, followed the automobile tracks and came upon the appellant and Banks, as set forth in the original opinion. In qualifying Bill No. 5 the court states that Lane exhibited the location at which he saw the hog dying to the witness Locklear and that Locklear conducted Gibbons to the place which Lane had shown him. The court further states:

"The conclusions drawn by the witnesses were excluded and the facts found on the ground only were permitted to go to the jury."

In permitting Gibbons to state before the jury what he saw on the ground at the place to which he was conducted by Locklear, no departure from the rules of evidence is perceived. Gibbons did not relate what Locklear or Lane had told him, but as the bill is understood, he merely described to the jury the condition of the ground at the point. On the facts, the case of Hewey v. State, 220 S. W. 1106, is deemed in point. In that case it was held competent to receive from the witness Taylor a description of the tracks near the scene of the homicide, which locality had been shown him by Williams, who was an eye-witness to the homicide.

Our review of the evidence leaves no doubt in the minds of the court that the evidence of the commission of the crime and the connection of the appellant therewith, tested by the law governing circumstantial evidence, is quite sufficient to support the verdict of the jury.

The motion for rehearing is overruled.

*Overruled.*