## TROY NIX V. THE STATE.

No. 23448. Delivered November 6, 1946.
Rehearing Denied December 18, 1946.
Application for Leave to File Second Motion for Rehearing
Denied January 29, 1947.

*Lincoln, Harris & Kennedy,* of Texarkana, and *Florence & Florence,* of Gilmer, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

HAWKINS, Presiding Judge.

The offense is rape. The punishment assessed is confinment in the State penitentiary for a term of ten years.

Appellant brings forward many complaints which he claims present reversible error. His first contention is that the evidence is insufficient to sustain his conviction. To this we are unable to agree. The State's evidence, briefly stated, shows that on the evening of July 27, 1945, the prosecutrix, a girl about fourteen years of age, in company with a girl friend of about the same age, went to the town of DeKalb to attend a picture show. After the conclusion of the show, they went to a cafe and bought some candy. While there they met some boy with whom they conversed for a few minutes, and then started to walk home, but before they arrived at home appellant overtook them, stopped his car and said, "You kids get in here. You are not supposed to be out at 12 o'clock at night." He then told them that he was "the law." The girls became frightened and complied with his command. After they entered his automobile he drove back toward town and stopped near a gin where he told the younger of the two girls to get out and look under the gin for her sister while he drove some distance from town with prosecutrix. He finally stopped under a large tree, and had an act of sexual intercourse with her by force and against her will. He then drove to within a block of her home and let her out to walk home. Upon her arrival at home she immediately reported the occurrence to her sister, who notified the officers. The girl was taken to a doctor within a short time after she arrived at home. An examination of her person by the doctor revealed that she had very recently had sexual intercourse with someone. On the night in question the little girl, accompanied by officers, went and pointed out to them the place where she had been criminally assaulted. The next day the sheriff went to the place so pointed out and there found tracks of an automobile and made a plaster cast thereof. A few days later when appellant came to town and parked his car the officers had firemen sprinkle the ground around his car and when he drove away they made a plaster cast of the car tracks. These casts, so made, were compared with the others and proved to be alike in every respect.

Appellant's defense was that of an alibi, which he supported by his own testimony and that of his wife. He accounted for his car tracks under the tree by testifying that later in the afternoon on the day in question he and a friend drove out there under the tree and drank some whisky. He was supported upon this point by the testimony of his friend, Dalby.

It will be noted from the foregoing brief statement of the salient facts proven on the trial that an issue was raised which the jury decided adversely to appellant. The jury saw the witnesses and heard them testify; they were the exclusive judges of the credibility of the witnesses and the weight to be given their testimony. This court would not be justified in disturbing the verdict under the circumstances here present.

By bill of exception number one appellant complains of the denial of a continuance based upon the absence of the witness Herman Ballard. It is stated in the application for continuance that this witness had been served with process as a witness, and had on previous occasions been present in court in obedience to such process. It is averred in the application for continuance the witness was then temporarily in the State of California. Appellant's defense was that of alibi. It may be stated that the absent witness' testimony upon that issue was material, without here setting it out in detail. The application contains the following averments. That on January 1, 1946, this case was set down for trial on January 17; that on January 7 appellant learned for the first time that the witness was not in Bowie County, but was probably in Richmond, California; that on January 8 appellant wired witness at Richmond, California at the address where witness was supposed to be, advising him of the setting of the case for January 17, and that appellant desired his presence and would pay the expenses of witness, but received no reply to said wire; that about January 10 the case was postponed to February 13; that on January 10 appellant again wired the witness of the new setting, but still received no reply; that appellant continued his efforts to locate the witness and on January 24 learned that witness was at Indio, California, and immediately wrote witness a letter telling him when the case was set for trial, and again promising to pay witness' expenses; that on February 5 appellant received a letter from witness, the contents of which is not stated; that on February 8 appellant wired said witness that the case would go to trial on February 13; that on February 12 appellant received a telegram from witness saying he had just received the wire which had been sent him on February 8, and that it would be impossible for witness to reach court in time for the trial.

To the bill of exception complaining of the denial of the continuance the trial court attached the following qualification, which was accepted without objection, and same is binding on appellant:

70

"The term of court at which this case was tried was the January Term, 1946, of the Fifth Judicial District Court, which term opened on January 7, 1946, at the court house at Boston, Texas. On the first day of this term, January 7, 1946, the court announced to the State's attorney and to the private prosecutor of this case and to the attorneys for the defendant, that he was going to set the case and was thereby setting the case for the 17th day of January, 1946, at 9 o'clock A. M.; and the court would order a special venire drawn, pursuant to law for the 17th day of January. At the time of this announcement, attorneys for the defendant vigorously protested that the 17th day of January was too early in the term, and that they had a witness to-wit, H. L. (Herman) Ballard, who was then in California and they would like to take the deposition of the said witness and would not have sufficient time to do so if the case was set for the 17th of January. Private prosecutor for the State announced at the same time, which was on January 7, that he would be willing to waive all formalities, notices, etc., and would cross the interrogatories immediately, and the case was allowed to stand for setting on the 17th day of January. However, between the 7th day of January and the 14th day of January, attorneys for the defendant again requested the court to postpone the case to a date later in the term; and on motion of defendant on the 14th day of January, 1946, the case was postponed until the 13th day of February, 1946, attorneys for the defendant stating that the motion to postpone was made in order that the deposition of the witness Ballard, could be taken. The defendant nor his attorneys of record did not submit any interrogatories to either the District Attorney or the private prosecutor representing the State, nor did they apply for commission or notices to take such deposition of the witness, Herman Ballard; but on the morning of February 13, 1946, announced to the Court that they were not ready because of the absent witness, Herman Ballard, and filed their motion for continuance.

"The court further certifies that in addition to the motion for postponement referred to in the preceding paragraph, that the motion for continuance complained of in this bill of exception was the defendant's third motion for continuance; the first and second motions of the defendant for a continuance having been granted."

It will be observed that by appellant's own admissions in his application for continuance he was advised on January 24 of the witness' location at Indio, California, and on February 5—

eight days before the trial day—appellant had positive information from the witness by letter of his presence there, but appellant made no effort to take witness' deposition, although he was beyond the confines of the state, and beyond the power of the court to enforce any process for his presence. Under the circumstances stated we think no error is shown in the court's action in refusing the continuance.

In bill of exception number three complaint is made because the prosecuting witness testified over objection that she had three brothers and one sister. The objection was that the evidence was not material to any issue in the case. This may be true but we fail to discover what injury could have resulted to appellant. There was evidence from other witnesses not objected to that prosecutrix had a brother and a sister.

In bills of exception numbers four, five, six, seven and eight appellant complains because prosecutrix was permitted to testify that she went with officers back to the place where the rape occurred. There is no complaint that either she or the officer testified as to what she told the officers. It was perfectly admissible for the State to show that she pointed out to the officers the place where she testified upon the trial that the offense was committed, and then to permit the officers to testify that at the place so pointed out to them they observed car tracks which the State undertook to prove were made by appellant's car. Marta v. State, 81 Tex. Cr. R. 135, 193 S. W. 323; Willman v. State, 92 Tex. Cr. R. 77, 242 S. W. 746; Sellman v. State, 114 Tex. Cr. R. 455, 26 S. W. (2d) 214.

Bills of exception numbers nine and ten complain of certain testimony of one Floyd Flannery. The record shows that on the night of the alleged offense in the town of DeKalb appellant, referring to prosecutrix and her girl companion, asked witness did "he reckon they would do what he did?" and witness told appellant "he wasn't talking to" witness. Flannery then in the same connection testified, over objection, that appellant asked if witness knew "of any older ones we could get" and was told "No." The objection went to the inquiry about older girls as being immaterial. It was a part of the same conversation in which appellant referred to prosecutrix and her companion, and appears to throw light upon appellant's trend of mind.

Bill of exception number eleven is without merit, and is not discussed.

Bills of exception numbers twelve, thirteen and fourteen relate to the same matter. They bring forward complaint because officers testified that prosecutrix pointed out to them a certain place, at which place the officers observed car tracks of which plaster casts were made. No error was committed in the admission of this evidence. Other evidence showed that some few days later plaster casts were made of tracks known to have been made by appellant's car, which casts corresponded to those taken at the scene of the offense. In this connection we advert to the fact that appellant himself accounts for the tracks of his car being at the place in question by his evidence that in company with his friend Dalby he drove his car to this point on the afternoon prior to the alleged offense and remained there for some time while he and Dalby were drinking whisky. There was no issue as to the presence of appellant's car at the place, but only as to when it was there.

Bills of exception numbers fifteen, sixteen, seventeen, eighteen, nineteen, twenty, twenty-one, twenty-two, twenty-three, twenty-four and twenty-five all bring forward complaints at the cross examination of appellant's wife, the objections being that the evidence elicited was not germane to the examination in chief, and that appellant had not examined his wife upon the points inquired about on cross examination. All of said bills have been examined in connection with the wife's evidence given on direct examination. Considered in the light of the trial court's qualification to some of the bills we are of opinion that each of them reflects that the cross examination was either germane to the examination in chief of the wife, or related to some matter which appellant himself testified to while he was a witness, or was to some trivial matter which was not a communication to her husband and could in no wise be construed as adverse or harmful to appellant.

Bill of exception number twenty-six, when considered in connection with the trial court's qualification, is not thought to present error.

In our opinion no reversible error is shown.

The judgment is affirmed.

### ON MOTION FOR REHEARING.

GRAVES, Judge.

Appellant again insists that the testimony of the girl, Ethel

Boyd Walker, was so incoherent and unsatisfactory that same does not comport with human experience to such an extent that it is worthy of belief; that because of such testimony being all that is present relative to the act of intercourse and filled with contradictory statements to such an extent, that this cause should be reversed upon the facts alone.

True it is that this girl, 13 years old at the time of the alleged occurrence and 14 years of age at the time of the trial, was vague and indefinite in some of her testimony, especially as to how it was claimed appellant penetrated her private parts and the position of the parties at such time, as well as some other details of what she described as "the struggle." However, it is shown that she was present in the streets of the town of DeKalb at or near the midnight hour with another little girl; that appellant was also present at or near the same place at that time, driving rather aimlessly about in his car; that a witness places appellant near where these two little girls were, and gave damaging testimony probably useful in showing the trend of appellant's mind at such time; the further fact that it was shown that appellant's car had been parked at the place described by the girl as where the assault took place; the further fact that there was a blister on the girl's leg where she claimed her feet or legs had been tied; and the further fact that soon after reaching her sister's home a doctor examined her and found that her parts had recently been penetrated; all these facts, taken together with her positive and repeated identification of appellant as the person committing the assault upon her, were sufficient to allow a jury to predicate thereon a verdict of guilt. Unless this court is convinced of the insufficiency of the testimony, we would not be justified in holding the same insufficient. We have again examined the statement of facts and feel that we would not be justified in holding the facts herein proven to be insufficient as a matter of law.

We have again gone over the bills of exception and think they were properly disposed of in the original opinion, and we adhere to the views expressed therein.

The motion for rehearing is therefore overruled.

ON APPELLANT'S SECOND MOTION FOR REHEARING.

BEAUCHAMP, Judge.

Ardent and earnest counsel representing appellant have presented this appeal, as the case was tried, with very exhaustive

brief and argument followed by like diligence in their motion for rehearing.

There is nothing in the surrounding circumstances to excite one accustomed to appraising evidence and to assure him against a probability of the accused being the victim of an irresponsible and wreckless witness. We must, however, take the record as it is presented and that includes the conclusion of the jury on matters of fact. From their finding on controverted issues there is no appeal. If the evidence applied to the law warrants and sustains that verdict and judgment, then, whatever might be our private opinion, feeling, or sympathy, our duty is plain and we must follow the law. If the court is to be misunderstood in either the original opinion or that given on motion for rehearing, it is not too late to màke ourselves clear. Definitely there is no intention or disposition on the part of the court to overrule or modify in the least the case of Brock v. State, 71 S. W. 20; Blake v. State, 193 S. W. 1064; or Smith v. State, 150 S. W. (2d) 388.

Consideration was given by each member of the court to the questions presented, with the conclusion by all of us that there is no reversible error shown by the record. If an error has been made it was that of the jury. The Court of Criminal Appeals must be as diligent and as guarded to see that we do not exceed our own authority as we are to correct the errors made by the trial courts. There was evidence to sustain the findings of the jury. It was sufficient in law and we are not called upon to criticise the verdict which they rendered.

The most troublesome question presented in the appeal was on the appellant's motion for a continuance. We do not now see that we could add to what has been written on this question. Very properly, in the opinion of the writer, Judge Hawkins had but little comment on a number of bills of exception which, in this case, as in all others, may not be taken to evidence a lack of consideration. The right of the State to cross-examine the wife or husband of the defendant in a criminal prosecution is limited by statute, and is a matter of public policy and of deep concern to the public, as well as involving the sacred rights of those bearing marital relationships. Our courts have gone far in their decisions for the protection of these rights and have diligently guarded against all efforts to infringe upon rules recognized in the common law and emphasized by statutory enactments.

We are not persuaded by the earnest arguments filed in the motion under consideration to discuss each and every bill of the

twenty-six found in the record, but referring to those upon which the insistence has been most emphatic, we will discuss a few sufficiently to more clearly present our view. Bill of Exception No. 16 complains of the cross-examination of the wife. She was placed on the witness stand before appellant took the stand in his own behalf. On cross-examination she was asked some questions beyond the subject of her direct examination. The court should at that time have been more cautious in guarding against the commission of an error. The objection made should have been sustained for we doubt if he could foresee the record thereafter to be made, and the full consequence which might have resulted from the questions asked. As the case comes to us, however, we must consider the bills in the light of the entire record. The State asked her: "What had Troy (her husband) been doing that afternoon of the alleged rape that night—July 27, 1945?" To this she replied that he "had been about home that day." If this question and answer, admitted over appellant's objection, had contradicted a statement made by appellant its admission would have been error, provided it had the effect of creating the impression with the jury that he had falsified. An examination of the record, however, discloses that the appellant himself on the witness stand said: "The day before my wife told me I was being investigated in connection with this offense, Friday, I had been down in East Texas Oil Field." That was the same day that his wife testified the defendant had been at home. However, he added that he came back home and details a visit to DeKalb for an hour and a half or two hours, "just guessing," and that he had no occasion to remember at that particular time. He took another brief trip into the country, and then he and his wife went together on a short trip to see about some chickens, "* * * then we went to town and had *lunch* at the Post Office Cafe." (Emphasis added.) If we understand his testimony he was in and about home, as his wife stated, the major part of the day so that her statement could not be construed to be a denial of his evidence or to reflect in the least on the truth of the evidence which he gave. To hold otherwise would be a strained construction of the evidence.

The other two bills of exception, Numbers 22 and 23, about which appellant is also very insistent are so similar they can be considered together. Mr. Stewart, called by the State, testified that Troy Nix came to the Post Office Cafe, where the witness was working, after he had eaten supper, and showed him that his shoes were untied. This evidence, however, was withdrawn by the court and the jury instructed in very emphatic terms that they should disregard it and not consider it for any

purpose. Mrs. Nix, the wife of appellant, was required to answer that her husband untied his shoes. Bill No. 23, following the same procedure as described in Bill No. 22, reflects that she answered that she did not see him untie his shoes, but noticed that they were untied. Appellant said his shoes were untied some time during the day, and gave his reason for wearing them that way. These bills were qualified by the court so as to eliminate any assertion of any harmful effect. In the absence of any qualification, however, we would be at a loss to understand how harm could result to appellant because of the things complained of in either of the bills.

Believing that the case has been properly disposed of, appellant's application for permission to file a second motion for rehearing is denied.