**Gilberto MONTEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 36512.

Court of Criminal Appeals of Texas.

Feb. 5, 1964.

Rehearing Denied March 4, 1964.

L. Aron Pena, Edinburg, for appellant.

R. L. Lattimore, Dist. Atty., Edinburg, and Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is hog theft; the punishment, two years.

Highway Patrolman Jackson testified that he stopped the automobile in which appellant and his companion were riding because it had defective headlights. While endeavoring to ascertain the automobile license number, he noticed blood on the rear bumper and trunk of the automobile, and on his request, the trunk was opened, revealing a freshly killed hog and an axe. An investigation revealed that the hog belonged to Louis Draper, who testified that he had identified the hog as belonging to him and that he had not given the appellant permission to take the hog.

Appellant testified that he and a companion had driven by a hog pen about 5:30 in the afternoon and had decided to return later for the purpose of stealing one of the hogs. Appellant further stated that at about 7:30 p. m., they parked approximately one-half mile from the hog pen " * * * and we walked over there to the pen and I got in there and I killed a hog and we went back and got the car and brought it and took the hog out of there."

The confession of appellant in which he related the killing of the hog and being stopped by the highway patrolmen was introduced without objection.

We find no merit in appellant's contention that as he did not remove the hog from the pen until after it was dead, he could not be found guilty of the felony offense of theft of a hog, but only of a violation of Art. 1373–a Vernon's Ann.P.C. (killing certain domestic animals), which in some cases is a misdemeanor, or of misdemeanor theft. The mere fact that it took appellant some twenty to thirty minutes to walk to the parked automobile and return does not distinguish this case from those cases holding evidence similar to that introduced here to be sufficient to sustain a conviction for theft of a hog. See Hughes v. State, 137 Tex.Cr.R. 533, 132 S.W.2d 875, and Sellman v. State, 114 Tex.Cr.R. 455, 26 S.W.2d 214.

Any error that might have resulted from the prosecutor's cross examination of appellant was waived when no objection was made thereto. See 5 Tex.Jur.2nd, Sec. 39, p. 61, and the many cases cited thereunder.

Finding no reversible error, the judgment is affirmed.