### HEWEY v. STATE.   (No. 5738.)

(Court of Criminal Appeals of Texas.   March 24, 1920.   On Motion for Rehearing, April 21, 1920.)

1. **Criminal law ⊂⊃448(11)—That one accused of homicide appeared angry is competent.**

In homicide prosecution, it is competent to prove that defendant appeared angry.

2. **Criminal law ⊂⊃1144(12)—Testimony presumed relevant, in absence of showing of irrelevancy.**

Where there is nothing, in the bill of exceptions complaining of admission of evidence, to indicate that the evidence was irrelevant, the appellate court, in support of the court's ruling, will presume that it was relevant.

3. **Criminal law ⊂⊃1091(11)—Bill of exceptions should state facts showing relation of ruling to case, so as to show they are facts certified by judge.**

A statement of the reason for objecting to court's ruling does not comply with Vernon's Sayles' Ann. Civ. St. 1914, art. 2059, providing that the objection to the rule shall be stated with such circumstances, or so much of the evidence as may be necessary to explain it, and no more, and the whole as briefly as possible, but the facts showing the relation of the ruling to the case must be stated in a manner to disclose that they are facts certified to by the trial judge.

4. **Criminal law ⊂⊃1091(11)—Testimony to be reproduced in question and answer form in bill of exceptions only to explain meaning.**

The practice of reproducing in bill of exceptions the testimony of a witness in question and answer form is to be avoided, except when such a reproduction is necessary to explain the meaning, notwithstanding Vernon's Sayles' Ann. Civ. St. 1914, art. 2059, requiring bill of exceptions to state the objection to the ruling or the action of the court with such circumstances, or so much of the evidence as may be necessary to explain it, and no more, and the whole as briefly as possible.

5. **Homicide ⊂⊃170—State not required to negative presence of tracks before homicide to introduce evidence thereof.**

As a predicate for introducing proof of tracks at the scene of the homicide, it is not incumbent on the state to introduce evidence to negative their presence there before the homicide.

6. **Homicide ⊂⊃170—Evidence of tracks admissible, though not found immediately after homicide.**

In homicide prosecution, evidence of tracks at the scene of the homicide is admissible, notwithstanding the tracks were not found immediately after the homicide.

7. **Criminal law ⊂⊃338(7)—That defendant's son kissed defendant on going to scene of homicide is irrelevant.**

In homicide prosecution, the fact that defendant's son, on going to the scene of the homicide, kissed defendant, was not relevant.

8. **Criminal law ⊂⊃1169(6)—Irrelevant testimony in homicide case held harmless, in view of manslaughter verdict.**

In homicide prosecution, admission of testimony that defendant's son kissed defendant on going to the scene of the homicide *held* harmless, where defendant was convicted of manslaughter.

9. **Criminal law ⊂⊃696(3)—Refusal to strike direct examination as to tracks near scene of homicide held proper, notwithstanding cross-examination of witness.**

In homicide prosecution, where witness, who had described certain tracks near the scene of the homicide, testified on cross-examination that he went to the scene of the homicide with another witness, that such witness had told him where defendant was during the difficulty, and that he had gone into the field from which the shot was fired and examined the tracks at the solicitation of other witness, a motion to exclude the testimony on direct examination, because of such disclosure on cross-examination, was properly overruled.

---

⊂⊃For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**10. Criminal law ⊕⊒768(1)—Instruction not to consider result of former trial held proper.**

Instruction that the result of a former trial did not concern jurors, and was not to be mentioned or considered, *held* an appropriate precaution against misconduct of the jury.

**11. Jury ⊕⊒148(4)—Words, "So help me God," essential part of oath,. and verdict set aside for omission.**

Omission of the words "So help me God," from oath administered to jurors in criminal action *held* fatal, and to require that verdict be set aside; such words being an essential part of the oath, under Code Cr. Proc. art. 714.

On Motion for Rehearing.

**12. Criminal law ⊕⊒1133—Court not authorized to pass opinion on question not involved in appeal.**

Court of Criminal Appeals is not authorized to express an opinion on a question raised by motion for rehearing, where the question is not involved. in the appeal.

Appeal from District Court, Cooke County; C. R. Pearman, Judge.

I. W. Hewey was convicted of manslaughter, and he appeals. Verdict set aside.

Culp, Culp & Culp, of Gainesville, for appellant.

Alvin M. Owsley, Asst. Atty. Gen., and Garnett & Garnett, of Gainesville, for the State.

MORROW, J. The appeal is from conviction for manslaughter, with punishment fixed at confinement in the penitentiary for five years. The facts are sufficiently stated in report on former appeal, 81 Tex. Cr. R. 554, 197 S. W. 202.

[1, 2] The first bill of exceptions, complaining of proof that appellant was angry, discloses no error. It was competent to prove that he appeared angry. Bennett v. State, 39 Tex. Cr. R. 648, 48 S. W. 61; Powers v. State, 23 Tex. App. 42, 5 S. W. 153; 5 Rose's Notes on Texas Reports, p. 601. There is nothing in the bill to indicate that the testimony was irrelevant. In support of the court's ruling we presume that it was relevant. Moore v. State, 7 Tex. App. 20; Edgar v. State, 59 Tex. Cr. R. 256, 127 S. W. 1053.

The second bill, setting out in question and answer form part of the testimony of the witness Williams, fails to set out any of the surrounding facts, and the Assistant Attorney General objects to its consideration, citing Thompson v. State, 29 Tex. App. 208, 15 S. W. 206, Black v. State, 68 Tex. Cr. R. 151, 151 S. W. 1053, Eldridge v. State, 12 Tex. App. 208, Harris v. State, 67 Tex. Cr. R. 251, 148 S. W. 1074, and other cases. The statute (article 2059) requires no particular words in a bill of exceptions, but says:

"The objection to the ruling or the action of the court shall be stated with such circumstanc-

es, or so much of the evidence as may be necessary to explain it, and no more, and the whole as briefly as possible."

[3, 4] A statement of the reason for objecting to the ruling does not suffice, but the facts showing its relation to the case must be stated in a manner to disclose that they are facts certified to by the trial judge. Hennessy v. State, 23 Tex. App. 355, 5 S. W. 215; Branch's Annotated Texas Penal Code, § 209. On the subject we will add that reproducing in question and answer form the testimony of a witness is a practice to be avoided except on occasions when such a reproduction is necessary to disclose the meaning. Such procedure certainly does not follow the direction of the statute to "state so much of the evidence as may be necessary to explain the ruling, and no more, and the whole as briefly as possible." We have examined the testimony of the witness Williams in the statement of facts, and find nothing therein indicating a failure to observe the views expressed by the court on the former appeal.

[5, 6] As a predicate for introducing proof of tracks at the scene of the. homicide, it is not incumbent upon the state to introduce evidence to negative their presence there before the homicide, nor is an objection tenable that the tracks were not found immediately. Haley v. State, 209 S. W. 675, 3 A. L. R. 779.

[7, 8] The fact that the son of the appellant, on going to the scene of the homicide, kissed his father, was not relevant, but, in view of the verdict, receiving it in evidence was not reversible error.

[9] The witness Taylor gave evidence describing certain tracks near the scene of the homicide. On cross-examination the appellant proved by him that he had gone to the scene of the homicide with the witness Williams, and that Williams had told him where the appellant was during the difficulty, and that he (the witness) went into the field from which the shot was fired, and examined the tracks at Williams' solicitation. The motion to exclude the testimony of Taylor, given on direct examination, because of this disclosure on cross-examination, was properly overruled.

[10] We regard the instruction by the court to the jury that the result, if any, of the former trial did not concern them, and was not to be mentioned or considered, was an appropriate precaution against misconduct of the jury. The same practice has often been pursued with approval in warning the jury against the reference to or consideration of the failure of the accused to testify in his own behalf. Driver v. State, 37 Tex. Cr. R. 160, 38 S. W. 1020; Lankster v. State, 65 S. W. 373; McKelvey v. State, 69 Tex. Cr. R. 538, 155 S. W. 932.

[11] It affirmatively appears from a bill of

exceptions that to none of the jurors trying the case was there .administered the oath required by statute. In swearing them the words "So help me God" were omitted. These words are included in the statute. Article 714, C. C. P. The learned trial judge was of the opinion that the appellant, failing at the time to complain of the form of the oath was too late to avail himself of the omission upon motion for new trial. Some references are furnished by the Assistant Attorney General to instances in which omissions of part of the statutory oath have been held waived. See Ruling Case Law, vol. 16, pp. 293, 294; Baldwin v. Kansas, 129 U. S. 52, 9 Sup. Ct. 193, 32 L. Ed. 640; Bank v. Lowther, 66 W. Va. 505, 66 S. E. 713, 28 L. R. A. (N. S.) 511. We find no instance in which this rule has been applied to a criminal case. The application of this rule, so far as we are advised, has been to civil cases, and confined to the omission of nonessential parts of the oath. It has been held in this state, in Howard v. State, 80 Tex. Cr. R. 588, 192 S. W. 770, L. R. A. 1917D, 391, that the oath cannot be waived, and this is in accord with the decisions in other jurisdictions, and from it we have found no departure. See note to Howard v. State, L. R. A. 1917D, 400. The words omitted in the instant case are necessary, not only to comply with the statute but to characterize the declaration as an oath. See Bouvier's Dictionary; also Century Dictionary. On the subject we quote the language of the Supreme Court of Alabama in Johnson v. State, 47 Ala. 31:

"The oath stated leaves out an essential and substantive part of the oath required to be administered, to wit: 'And a true verdict render according to the evidence: So help you God.' Thus, we see, not only an essential, but the most impressive, part of the oath, was omitted; that part that directs the jurors to to look to God for help, in the discharge of their important and solemn duty, a duty in which the life of a human being was involved. This omission must necessarily render the verdict illegal, and insufficient to justify the fearful and terrible punishment to which the defendant is consigned by the sentence and judgment of the court."

We have given the question a more comprehensive review in the opinion deciding the case of Crisp v. State (No. 5736) 220 S. W. 1104. The conclusion there stated, and here reiterated, is that the omission of the trial court to administer to the jurors the oath which the statute requires renders it obligatory upon us to set aside the verdict rendered by the jury thus impaneled; and it is so ordered.

### On Motion for Rehearing.

The state asks us to decide whether on another trial the appellant may be tried for murder; the contention being that, the appellant having sought and obtained a judicial

determination of the fact that on the trial at which the verdict of manslaughter was rendered he was not tried by a jury, as contemplated by the law of this state, the verdict rendered was a nullity, and therefore did not operate to acquit him of murder. Several authorities are referred to, including Const. art. 1, §§ 10, 14, 15; article 572, C. C. P.; Ogle v. State, 43 Tex. Cr. R. 220, 63 S. W. 1009, 96 Am. St. Rep. 860; Howard v. State, 80 Tex. Cr. R. 588, 192 S. W. 770, L. R. A. 1917D, 393; Slaughter v. State, 100 Ga. 326, 28 S. E. 159; Bishop's New Crim. Law, § 1014.

[12] An interesting question is presented by the motion, but it is not one involved in the appeal, and therefore not one upon which we feel authorized to express an opinion. We accordingly refrain from doing so.

The motion is overruled.