John Henry SCOTT, Appellant,
Clyde Howard, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 35828, 35829.

Court of Criminal Appeals of Texas.

May 29, 1963.

Jack Pevehouse, Dallas, for appellant.

Henry Wade, Dist. Atty., James H. Miller, Stephen Guittard and Emmett Col-

vin, Jr., Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

BELCHER, Commissioner.

The appellants, although separately indicted, were by agreement jointly tried and were convicted of murder. They were each assessed a penalty of twenty years.

The appellants, Scott and Howard, and Howard's wife, Mary, and Willie Shaw, about 2:30 P.M., July 4, arrived at Johnny's Lounge which was operated by the deceased. Later Mary and another woman had an argument and also Howard and another. Next Howard, Mary, Scott and Shaw left the lounge. About an hour later Howard, Shaw, a man named Sidney and Scott who was carrying a shotgun entered the lounge from the rear. The deceased told them to leave, and when they declined he took Shaw by the arm and put him out the front. Scott was at the front when the deceased came back into the lounge. Deceased was attacked by Sidney but broke away and was backing from the front door while Scott was pointing the shotgun at him from a distance of six or seven feet. At this time Howard went to Scott, reached for the shotgun with both hands and referring to the deceased said twice: "Shoot that nigger," and Scott shot the deceased with the shotgun.

Officer Smithson testified that he arrested Howard shortly after the shooting and that Howard delivered to him a shotgun which he said was his and was used in the shooting. The evidence shows that a gunshot wound in the center of the upper portion of the chest caused the death of the deceased.

The appellants, testifying in their own behalf, stated that Willie Shaw, one of the persons in their company, had the shotgun and that he, and not either of the appellants, shot the deceased. The testimony reveals that Howard and Scott had planned to go hunting. When Howard arrived at Scott's place about 1 P.M., Shaw was there. The hunt was cancelled and Howard, in the presence of Scott and Shaw, put the shotgun in the trunk of the car and in a short time they went to Johnny's Lounge. Howard and Scott soon left going to a hospital, and on their return about 6 P.M., left the keys in the car. Then the deceased began talking about putting Shaw out of the lounge, and Shaw soon appeared in the lounge with the shotgun, and in his removal Shaw while standing near the front door shot the deceased who was standing inside the lounge with a pistol in his hand.

■ It is contended that there is a fatal variance between the allegations of the indictments that appellants killed Clifford David Taplett, Jr., and the evidence that the person killed was Clifford Taplett.

It is uncontradicted by the evidence that the killing occurred July 4, at Johnny's Lounge which was operated by the deceased at a certain location. An employee of the Lounge testified that she was present July 4, when Clifford Taplett, Jr., who operated Johnny's Lounge was killed. A Pathologist testified that he performed an autopsy on the body of Clifford Taplett, Jr., on July 5, whose death was caused by a shotgun wound in the chest. In response to a report Officer Smithson testified that on July 4, he saw the body of Clifford Taplett on the floor in Johnny's Lounge.

There appears no material variance between the allegations and proof as to the name of the deceased and no error is presented. 30 Tex.Jur.2d 652, Sec. 65; Delphino v. State, 11 Tex.App. 30; Jiminez v. State, Tex.Cr.App., 364 S.W.2d 397.

■ Appellants contend that the state erred in cross-examination of appellant Howard's wife, called by the appellants as a witness, about who was in the car with her when she drove it to Johnny's Lounge, whether she drove it around the block, and how many trips she made to the Lounge, on the ground it brought out new and incriminating evidence against them in violation of Art. 714, Vernon's Ann.C.C.P.

On direct examination the wife of the appellant-Howard testified that on the evening of the shooting she was with Howard in and around Johnny's Lounge; and that she drove the car from around five blocks to within twelve feet of the Lounge. It is apparent that the cross-examination of Howard's wife was germane and pertinent to her testimony on direct examination and was not in violation of said statute.

The court charged the jury on the law applicable to principals.

The evidence is sufficient to support the convictions and no error appearing the judgments are affirmed.

Opinion approved by the Court.