**Wilbert Eugene WILLIAMS, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 40881.**

Court of Criminal Appeals of Texas.

Jan. 3, 1968.

See also Tex.Cr.App., 414 S.W.2d 183.

---

Thomas K. Bamford, Dallas (Court appointed attorney), for appellant.

Henry Wade, Dist. Atty., John Emmett and Kerry P. FitzGerald, Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

DICE, Judge.

The conviction is for robbery with firearms; the punishment, forty-five years.

Trial was to a jury upon appellant's plea of guilty.

Appellant's sole ground of error on appeal is that the proof offered by the state was insufficient to show his guilt, the principal contention being that there was a fatal variance between the pleading and the proof as to the middle name of the person alleged to have been robbed.

Recently, in Miller v. State, Tex. Cr.App., 412 S.W.2d 650, in passing upon a similar contention, we pointed out that it was the well-established rule that a plea of guilty admits the existence of all facts necessary to establish guilt, and in such cases the introduction of testimony by the state is for the jury's benefit in fixing punishment. It was also pointed out that the requirement of Art. 1.15 of the Vernon's Ann.Code of Criminal Procedure that evidence be offered by the state showing the guilt of a defendant is applicable only in those cases where the defendant, upon entering a plea of guilty in a felony case less than capital, waives his right to a trial by jury.

We observe, without passing upon appellant's claim of variance as to the middle name of the injured party, that had there been a variance, as contended, such would have been immaterial. 30 Tex.Jur. 2d 650, Sec. 65; Scott v. State, Tex.Cr. App., 368 S.W.2d 216; Ex parte Mackerman, Tex.Cr.App., 376 S.W.2d 350.

The ground of error is overruled.

The judgment is affirmed.