**Edgar Lee DEARS, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 43663.

Court of Criminal Appeals of Texas.

April 14, 1971.

Glenn Hausenfluck, Fort Worth, for appellant.

Frank Coffey, Dist. Atty., Ronald W. Quillin, Grant Liser and Roger Crampton, Asst. Dist. Attys., Fort Worth, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ODOM, Judge.

The offense is burglary; enhanced under Art. 62 Vernon's Ann.P.C., the punishment was assessed at 12 years.

The sole ground of error alleged by appellant is that there is a fatal variance between the allegations in the indictment and the proof, in that the indictment alleged the name of the injured party to be Richard Waldon, and the evidence shows that his real name is James Richard Walden.

The record reflects the following testimony relative to the name of the injured party:

"Q. State your name to the jury, please sir.

"A. James Richard Walden.

"Q. Are you commonly referred to as Richard Walden?

"A. Dick, short for Richard."

The indictment alleging Richard instead of James Richard would not be a material variance since it was not required to state both first names. If a person is generally known by one name (Dick), or is known by that name as well as another (Richard), either name may be used in an indictment. See Crye v. State, Tex.Cr.App., 391 S.W.2d 57; Scott v. State, Tex.Cr.App., 368 S.W.2d 216; 1 Branch's Ann.P.C.2d, Art. 47, Sec. 484; 55 Tex.Jur.2d, Theft, Sec. 165, at page 422.

Further, the variance in spelling of the names Waldon and Walden is not fatal. The attentive ear would find difficulty in distinguishing them when pronounced. We hold the names are idem sonans. Webster v. State, Tex.Cr.App., 455 S.W.2d 264; Rodriguez v. State, Tex.Cr.App., 363 S.W.2d 472; 1 Branch's Ann.P.C.2d, Art. 28, Sec. 39.

Finding no reversible error, the judgment is affirmed.