James Nelson **FITZSIMMONS**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 44091.

Court of Criminal Appeals of Texas.

Sept. 16, 1971.

Rehearing Denied Nov. 2, 1971.

Phil Burleson, Dallas (on appeal by appointment), for appellant.

Henry Wade, Dist. Atty., and Bob T. Baskett, Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

This is an appeal from a conviction for robbery by assault; the appellant pleaded guilty before a jury, which assessed punishment at 100 years.

The indictment alleged that on July 18, 1969, the appellant committed an assault upon Francis Campbell and robbed her of $5,238. Willie Francis Campbell was a teller for the Mercantile National Bank of Dallas. She testified that on the day in question, the appellant walked up to her window and handed her a note which read, "You won't be hurt, all the paper money in the drawer, I have a loaded gun." He put his hand inside his coat and said, "I have got a gun, and I'll shoot you, so just do as you're told." She then gave him the money and rang a buzzer, which made a chime-like noise and turned on a red light. The appellant then fled, but was apprehended by Smith Elder, a security officer at the bank.

Elder testified that he heard the alarm and saw the red light at Campbell's window. Campbell said to him, "Stop that man, he's got my money." The appellant ran into the street and Elder chased him. Then Elder, William Roberts, and Officers C. H. Goolsby and K. R. Modglin caught appellant. The officers searched the appellant and recovered the money.

Roberts, a loan officer at the bank, testified that he saw Elder chasing the appellant down the escalator, that he started chasing him and finally caught him.

Luke Catina and Officers Goolsby and Modglin also testified about the chase after the appellant. The officers testified that they recovered the money from the appellant.

The appellant first asserts that there is a fatal variance between the indictment and the proof because the indictment alleged the robbery of Francis Campbell and the evidence showed that the name of the teller from whom the money was taken was Willie Francis Campbell.

In the case of Williams v. State, Tex. Cr.App., 422 S.W.2d 450, there was also a guilty plea before the jury, and the appellant alleged a fatal variance between the proof and the pleading. This Court upheld this conviction and said:

"Recently, in Miller v. State, Tex.Cr. App., 412 S.W.2d 650, in passing upon a similar contention, we pointed out that it was the well-established rule that a plea of guilty admits the existence of all facts necessary to establish guilt, and in such cases the introduction of testimony by the state is for the jury's benefit in fixing punishment. It was also pointed out that the requirement of Art. 1.15 of the Vernon's Ann.Code of Criminal Procedure that evidence be offered by the state showing the guilt of a defendant is applicable only in those cases where the defendant, upon entering a plea of guilty in a felony case less than capital, waives his right to a trial by jury."

■ Where the plea of guilty is before the court, the state must introduce sufficient evidence to show the guilt of the accused. Article 1.15, Vernon's Ann.C.C.P. See: Burks v. State, 145 Tex.Cr.R. 15, 165 S.W.2d 460.

■ Since the plea of guilty was before a jury, the appellant cannot complain of a variance of this nature raised for the first time on appeal. The appellant's first ground of error is overruled.

■ The appellant next complains because the court excluded evidence as to the punishment under federal law for bank robbery. The appellant was being tried in a state court for the state offense of robbery by assault. The federal punishment for bank robbery is immaterial and irrelevant. The appellant's second ground of error is overruled.

Lastly, the appellant complains because the court instructed the jury as follows:

"You are further charged as a part of the law in this case that you are not to discuss among yourselves how long the accused will be required to serve the sentence you decide to impose. Such matters come within the exclusive jurisdiction of The Board of Pardons and Paroles and the Governor of the State of Texas and are no concern of yours."

It is within the trial court's discretion to instruct the jury that they should not discuss how long the accused would be required to serve in order to satisfy the sentence. Hernandez v. State, 169 Tex. Cr.R. 418, 334 S.W.2d 299.

The appellant's third ground of error is overruled.

There being no reversible error, the judgment is affirmed.