**Levy Joseph WILLIAMS, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 48711.**

Court of Criminal Appeals of Texas.

July 2, 1974.

Jim Tatum and Joe L. Guyton, Houston, for appellant.

Carol S. Vance, Dist. Atty., Clyde F. DeWitt, III, Vic Driscoll, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for the offense of robbery by assault. Appellant entered a plea of guilty before a jury. His punishment was assessed at seventy-five years.

The sole contention on appeal is that the trial court erred in overruling his written objection to that part of the court's charge which reads as follows:

> "You are not to discuss among yourselves how long the defendant would be required to serve this sentence that you imposed. Such matters come within the exclusive jurisdiction of the Board of Pardons and Paroles and the Governor and are no concern of yours."

In Harris v. State, 457 S.W.2d 903 (Tex.Civ.App.1970), reversed on other grounds, 403 U.S. 947, 91 S.Ct. 2291, 29 L. Ed.2d 859 (1971), we held that the giving of an admonitory instruction lies within the sound discretion of the trial court. And, in Hernandez v. State, 169 Tex.Cr.R. 418, 334 S.W.2d 299 (1960), we stated:

> "Appellant complains of an admonitory instruction to the jury to the effect that they should not discuss how long he would be required to serve in order to satisfy the sentence, if any, imposed.

> "The giving of admonitory charges by the trial court, in order to guard against jury misconduct, has been left largely to

his discretion. Chief among such charges that have been held to be warranted are: that the indictment is no evidence of the guilt of the accused and that the failure of the accused to testify is not to be taken as a circumstance against him. Additional charges left to the trial court's discretion include those containing matters not in evidence (Villereal v. State, Tex.Cr.App., 61 S.W. 715; Gunn v. State, 90 Tex.Cr.R. 209, 234 S.W. 399) and those where the result of a former trial was no concern of the jury (Hewey v. State, 87 Tex.Cr.R. 248, 220 S.W. 1106) and those charges cautioning the jury against arriving at punishment by lot (24 Tex.Jur., Sec. 128, p. 619).

"We are unable to agree with the appellant that the giving of the instant charge was error."

The judgment is affirmed.