**Ronald Joe POPE, Appellant,**

v.

**STATE of Texas, State.**

**No. 2–83–204–CR.**

Court of Appeals of Texas, Fort Worth.

Nov. 9, 1983.

Dean White, Canton, for appellant.

Tommy W. Wallace, Criminal Dist. Atty., Canton, for the State.

Before FENDER, C.J., and JORDAN and ASHWORTH, JJ.

OPINION

JORDAN, Justice.

Appellant pled guilty to the charge of aggravated robbery and, after the court instructed the jury to find him guilty, was found guilty as charged and was sentenced to ninety-nine (99) years imprisonment.

Three grounds of error asserted by appellant contend that: (1) the trial court committed fundamental error by failing to withdraw appellant's plea of guilty when the evidence showed that he was not guilty; (2) the trial court committed fundamental error when he failed to charge the jury on the law of parole, which error was compounded when the court erroneously instructed the jury in regard to the law of parole in answer to a question from the jury; and (3) the trial court erred in failing to apprise appellant, when he pled guilty, that if found guilty as charged, he would be required to serve a mandatory one-third of his sentence before he would be eligible for parole.

We affirm.

A short recitation of the facts of this case is necessary before we discuss and dispose of appellant's grounds of error.

On or about the 26th day of August, 1981, appellant and two juveniles forcibly entered the rural Van Zandt County home of John R. and Rubye Martin at a time when Mrs. Martin was alone in her home. The three invaders proceeded to beat Mrs. Martin about the face and head, and other parts of her body with a rifle and a pistol, assaulting, abusing and injuring her severely, after which they departed with $20.00 from her bedroom, her husband's rifle, and the Martin family automobile. The three men who so bravely attacked and abused the complaining witness, Mrs. Martin, acted together at all times. They entered the house together, stayed together, and although they did not each commit all elements of the offense, they all acted in concert as parties to the offense.

At the punishment phase of appellant's trial, one of the other three men who was present in the Martin home on August 26, 1981, testified that Pope, the appellant, did not hit Mrs. Martin with either of the weapons, that he did not strike her, tie her up, or curse her, and that he on one occasion tried to stop the witness, Spence, from hitting Mrs. Martin. Mrs. Martin's testimony of course differed from Spence's and indicated not only that Pope was an active participant in the whole despicable performance, but that it was her belief that he was the leader of the three.

■ Appellant's first ground of error asserts that the trial court should have sua sponte withdrawn appellant's plea of guilty because the evidence showed he was not guilty as charged, or at least was guilty only of a lesser offense. The raising of a substantial fact issue involved in guilt will trigger the duty of the trial court to *sua sponte* withdraw the plea of guilty and enter a plea of not guilty, *only when evidence is adduced which, if believed, negates the guilt of the defendant, as a matter of law, of the offense charged.* (Emphasis added). *Fairfield v. State,* 610 S.W.2d 771, 778 (Tex.Cr.App.1981).

■ In light of the nature of the evidence required to give rise to the trial court's duty to withdraw a plea of guilty, it is evident that appellant, by his first ground of error, has ignored a salient issue of monumental importance: the law of parties. TEX.PENAL CODE ANN. sec. 7.02 (Vernon 1974) provides: (a) a person is criminally responsible for an offense committed by the conduct of another if: (2) acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense. The testimony of Spence was clearly not sufficient to negate the guilt of appellant, as a matter of law, of the offense charge since Spence's testimony only tended to establish that appellant had not *individually* committed each and every element of the offense of aggravated robbery. This evidence did not negate appellant's culpability for the offense under the law of parties.

The evidence, some of which we have recited above, indicates beyond any reasonable doubt that appellant was one of three persons who ravaged the home and the person of Rubye Martin and who took property belonging to her and her husband without the consent of either. It is not necessary that we review all of the evidence on this question; it is sufficient to say that the evidence is overwhelming that appellant participated, aided, directed, and encouraged his two companions in the commission of each and every act described above and outlined in more precise detail in this record.

The same evidence in this record, some of which we have recited, also reveals beyond a reasonable doubt that the appellant, acting in concert with the other two participants, committed the offense of aggravated robbery, as defined in the TEX.PENAL CODE ANN. secs. 29.02 and 29.03 (Vernon 1974).

Appellant's first ground of error also overlooks another important element in this case and that is his plea of guilty, made to the court, voluntarily with the advice of counsel, after proper admonishment by the trial judge as required by TEX.CODE CRIM.PROC.ANN. art. 26.13 (Vernon Supp. 1982–1983). By voluntarily entering his plea of guilty, after he was fully warned of the possible consequences, he admitted the existence of all facts necessary to establish his guilt. *York v. State,* 566 S.W.2d 936 (Tex.Cr.App.1978).

Appellant's first ground of error is overruled.

In his second ground of error appellant claims error in the trial court's failure to instruct the jury on the law of parole and in his written instruction to the jury in answer to a question from the jury inquiring as to the length of time appellant would be required to serve if he received a 99-year sentence. No request was made by appellant for an instruction to the jury not to consider parole or how long appellant would serve under any sentence. Accordingly, even if the failure to instruct on this matter was error, which it was not, the error was not preserved.

■ Moreover, the matter of an admonition to the jury not to discuss how long a defendant will be required to serve on any particular sentence imposed or informing the jury that such matter is within the exclusive jurisdiction of the Board of Pardons and Paroles is a matter entirely within the discretion of the trial court. *Williams v. State,* 511 S.W.2d 64 (Tex.Cr.App.1974).

During their deliberation on punishment, the jury sent a note to the trial judge inquiring about the amount of time appellant would be required to spend in prison if he were sentenced to ninety-nine (99) years imprisonment. The court answered this inquiry by instructing the jury that they were "not to discuss among yourselves how long the defendant will be required to serve any sentence you decide to impose. Such matters come within the exclusive jurisdiction of the Board of Pardons and Paroles and the Governor of the State of Texas and are no concern of yours."

Appellant argues that this was an incorrect statement of the law because under TEX.CODE CRIM.PROC.ANN. art. 42.12 (Vernon 1979), he is required to actually serve one-third (⅓) of the amount of punishment assessed if he is found guilty of aggravated robbery and there is an affirmative finding of possession of a firearm in the commission of the offense. He says the instruction in answer to the jury's note and the charge as a whole improperly indicated to the jury that there was no minimum time requirement. He also contends that this improper instruction influenced the jury into assessing the 99-year sentence.

We reject these arguments with reference to the court's answer to the jury's inquiry. In the first place, there was no objection whatever to the answer given by the trial court, so any error except fundamental error is waived. Certainly there is no fundamental error involved here.

■ The instruction in answer to the question from the jury was not erroneous because it simply told the jury what the law

is, which is to the effect that the jury should not concern itself with the amount of time a person must spend in prison prior to the time he becomes eligible for parole. The court's charge properly instructed the jury that they should assess appellant's punishment within the range prescribed by law, not less than five (5) years nor more than ninety-nine (99) years confinement in the Texas Department of Corrections. The court was not required to instruct them as to the mandatory one-third (⅓) confinement under TEX.CODE CRIM.PROC.ANN. art. 42.12 (Vernon 1979), because the matter of time appellant is finally required to serve is no concern of the jury. Their function is to sentence an accused, if he is found guilty, under the law as given them by the court. They are not, and never have been, concerned with the practices or procedures of the Board of Pardons and Paroles.

The fact that the law in this case, TEX. CODE CRIM.PROC.ANN. art. 42.12 (Vernon 1979), would require service by appellant of one-third (⅓) of his sentence, was not a matter for the jury's consideration, any more than probation or any other factor which might affect time served would be of concern to them.

It is interesting to note that appellant cites no authority for this proposition. The second ground of error is overruled.

■ In his third ground of error appellant argues that the trial court committed fundamental error when he failed to admonish appellant, when he pled guilty, that he would be required to serve a minimum of twenty (20) years or one-third (⅓) of his sentence, whichever was less, before he was eligible for parole. Appellant claims it was error for the court to fail to point out to him that if there was an affirmative finding of possession of a firearm in the commission of the offense that he would be required to spend at least that amount of time required by TEX.CODE CRIM.PROC. ANN. art. 42.12 (Vernon 1979). He says neither appellant nor his attorney understood this.

This ground of error is totally without merit. Appellant was fully advised and admonished by the trial court, as required by TEX.CODE CRIM.PROC.ANN. art. 26.-13 (Vernon Supp. 1982–1983). The penalty range of not less than five (5) nor more than ninety-nine (99) years, with an optional fine not to exceed $10,000, was fully explained to appellant. He was also told that if he persisted in pleading guilty that punishment would be assessed by the jury within the statutory range.

Appellant made no objection to the admonishment given, nor did he point out any alleged deficiencies therein at the time he pled guilty. Any error, therefore, is waived.

If appellant is correct in this argument, the trial court would be forced into the position of acting as counsel for a defendant on trial and be compelled to inform the defendant of each and every legal right he might have, and of the consequences of each action taken during the trial of a criminal case. This simply is not required by the law.

The appellant was given the proper warnings and admonishment required before a plea of guilty is accepted, and he pled guilty, with the advice of counsel, fully aware of the possibilities and consequences with respect to the sentence he could receive under the crime charged.

The third ground of error is overruled.

The judgment of the trial court is affirmed.