IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-05-00396-CR

 

Freddy James Silvas,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 

 



From the 77th District Court

Limestone County, Texas

Trial Court No. 10759-A

 



MEMORANDUM  Opinion



 








            A jury convicted Freddy Silvas of the
aggravated robbery of a convenience store and assessed a 75-year prison
sentence.  His sole issue complains that the trial court abused its discretion
in ordering Silvas handcuffed and shackled throughout the trial.  We will
affirm.

            The right to a fair trial is a
fundamental liberty secured by the Fourteenth Amendment.  Estelle v.
Williams, 425 U.S. 501, 503, 96 S.Ct. 1691, 1692, 48 L.Ed.2d 126 (1976). 
In our criminal justice system, the presumption of innocence is a basic
component of a fair trial.  Id.  When the jury sees the defendant in
shackles, his constitutional presumption of innocence is infringed.  Moore v. State, 535 S.W.2d 357, 358 (Tex. Crim. App. 1976).  The trial court
should make all efforts to prevent a jury from seeing a defendant in shackles
unless there has been a showing that there are exceptional circumstances
requiring a need for such restraints.  Long v. State, 823 S.W.2d 259,
282 (Tex. Crim. App. 1991).  Under such exceptional circumstances, it is within
the discretion of the trial court to require the defendant to be tried in
restraints.  Id.  But the record must clearly and affirmatively reflect
the trial court’s reasons for placing the defendant in restraints.  Id.  The fact that a defendant is charged with a serious felony does not provide a
basis for shackling him during trial.  Id. at 283.  Likewise, a general
concern for security is insufficient.  Id.  The reasons must be stated
with particularity. Marquez v. State, 725 S.W.2d 217, 227 (Tex. Crim.
App. 1987).  We review the trial court’s ruling for abuse of discretion.  Long,
823 S.W.2d at 282.

            The record shows that Silvas had not
had any reported incidents of violence while in jail awaiting trial or in prior
court appearances.  However, before trial, the court heard an audio recording of
an interview with one Harrison, who had been incarcerated with Silvas.  Harrison said that he has known Silva for a long time—they had “done time” together from
1999 to 2001—and he considered Silvas to be a violent person.  He said that
Silvas needed to be watched in court “real close” and could be dangerous with
even a pen, and that if Silvas was convicted and given “time” (because of his
felony record, Silvas was not eligible for community supervision), Silvas was
“going to smash on somebody.”  Harrison also spoke of Silvas’s admission that
he had committed the aggravated robbery at issue and also an aggravated robbery
and assault in Bell County.

            Based on Harrison’s interview, the
trial court found a particularized need to handcuff and shackle Silvas during
trial and made efforts to keep the binding devices hidden from the jury at all
times.  We find that the trial court did not abuse its discretion in ordering Silvas
handcuffed and shackled throughout the trial.

We overrule Silvas’s sole issue and affirm the
trial court’s judgment.

 

 

BILL VANCE

Justice

 

Before
Chief Justice Gray,

Justice Vance, and

Justice Reyna

Affirmed

Opinion
delivered and filed January 3, 2007

Do
not publish

[CRPM]

 

 






omplaint was made to the trial
court by a timely request, objection, or motion . . . and

       (2)   the trial court . . . ruled
on the request, objection, or motion . . . .

Tex. R. App.
P. 33.1(a).  “The only essential
requirement to ensure preservation is a specific, timely request that is
refused by the trial court.”  Cruz v. State, 225 S.W.3d 546, 548 (Tex.
Crim. App. 2007); accord Young v. State,  137 S.W.3d 65, 69 (Tex. Crim.
App. 2004).  Rule 33.1 is a “’judge-protecting’ rule[] of error preservation.” 
Reyna v. State, 168 S.W.3d 173, 177 (Tex. Crim. App. 2005) (quoting Martinez
v. State, 91 S.W.3d 331, 335 (Tex. Crim. App. 2002)).  “[T]he party
complaining on appeal . . . about a trial court’s” ruling “must, at
the earliest opportunity, have done everything necessary to bring to the
judge’s attention the . . . rule or statute in question and its
precise and proper application to the” matter “in question.”  Id.
(quoting Martinez, 91 S.W.3d at 335-36) (alterations
added).  “Except for complaints involving systemic (or absolute) requirements,
or rights that are waivable only[,] . . . all other complaints,
whether constitutional, statutory, or otherwise, are forfeited by failure to
comply with Rule 33.1(a).”  Neal v. State, 150 S.W.3d 169, 175 (Tex.
Crim. App. 2004) (quoting Mendez v. State, 138 S.W.3d 334, 342 (Tex.
Crim. App. 2004)) (bracketed alteration added); see Cameron v. State, 241
S.W.3d 15, 22 (Tex. Crim. App. 2007); Amador v. State, 221 S.W.3d 666,
671 n.9 (Tex. Crim. App. 2007); Marin v. State, 851 S.W.2d 275, 279-80
(Tex. Crim. App. 1993).

        Error pursuant to Code of
Criminal Procedure Article 38.05, in particular, is forfeited by failure to
object.  See Sharpe v. State, 648 S.W.2d 705, 706 (Tex. Crim. App.
1983); Downey v. State, 505 S.W.2d 907, 909 (Tex. Crim. App.
1974); Steese v. State, 170 Tex. Crim. 269, 272-73, 340 S.W.2d 49, 52
(1960); Resendez v. State, 160 S.W.3d 181, 189-90 (Tex. App.—Corpus
Christi 2005, no pet.).

        Rocha failed to object to the
trial court’s admonishments at trial.  But Rocha argues that the admonishments
“being fundamental error, no objection was required.”  (Br. at 9 (citing, e.g., Blue v. State, 41 S.W.3d 129, 132 (Tex. Crim. App.
2000) (plurality op)).)  In Blue v. Texas, the four-judge plurality of
the Texas Court of Criminal Appeals held that “comments of the trial judge,
which taint [the] appellant’s presumption of innocence in front of the venire,
[a]re fundamental error of constitutional dimension and require[] no
objection.”  Blue, 41 S.W.3d at 132 (plurality op.); see Brumit v.
State, 206 S.W.3d 639, 641, 644-45 (Tex. Crim. App. 2006); Sanchez v.
State, 120 S.W.3d 359, 366 n.18 (Tex. Crim. App. 2003).  In a concurrence,
one judge would have held that a comment on the weight of the evidence in
violation of Article 38.05 can constitute such fundamental error.  Blue, 41
S.W.3d at 133, 134-35 (Mansfield, J., concurring); see Sanchez, 120
S.W.3d at 366 n.18.

        “Many . . .
admonitory or cautionary instructions are customarily used by criminal trial
judges at the time of the voir dire examination of the jury panel and at
various intervals of a trial to guard against jury misconduct.  The giving of
such instructions is largely within the discretion of the
court . . . .”  Walker v. State, 440 S.W.2d 653, 658
(Tex. Crim. App. 1969) (internal citation omitted); see Hernandez v. State, 169
Tex. Crim. 418, 421, 334 S.W.2d 299, 301-302 (1960); see generally Green v.
State, 934 S.W.2d 92, 106 (Tex. Crim. App. 1996); Etheridge v. State, 903
S.W.2d 1, 9 (Tex. Crim. App. 1995); Nunfio v. State, 808 S.W.2d 482, 484
(Tex. Crim. App. 1991).

        Rocha
complains of the following admonishments:

[The defendant] . . . is
presumed innocent until the State meets its burden and proves the
defendant guilty.  That presumption of innocence is just that.  It is a
presumption.  It does not mean that a defendant in any given criminal trial is
actually innocent.  It simply means that they must be presumed innocent until
the State satisfies and meets its obligation of proving the defendant guilty.

. . . .

The defendant, if they choose to, never has to
lift a finger or say a word, and you must still presume them innocent until
the State has convinced you otherwise.

(Rocha Br. at 7 (quoting 3 R.R. at 12,
15) (emphasis and alterations added by Rocha).)  

        Rocha argues, “By repeatedly
using the work ‘until’ instead of ‘unless,’ the judge made it plain to the jury
panel that the judge fully expected the State to be able to prove its case.”  (Br. at 7.)  As Rocha argues, too, “The presumption embodies the fact that the State has the
burden of proof, and that the defendant may remain inactive until that
burden is met.”  (Id. at 7-8 (citing Miles, 204 S.W.3d at 825)
(emphasis added).) 

        In evaluating the trial
court’s admonishments to the venire panel, we consider all of those
admonishments.  See, e.g., Blue, 41 S.W.3d at 130 (plurality op.). 
Here, for example, immediately before the admonishments of which Rocha
complains, the trial court admonished the panel as follows:

A criminal case in the State of Texas—in fact, in most states—proceeds along two possible paths.  The first part of the
trial, the jury that is actually selected will hear facts about the allegations
and about the offense charged.  That’s called the guilt/innocence phase of the
trial. . . .  If and when the defendant is found guilty, and
only if the defendant is found guilty, does a criminal trial proceed to the
second part of the trial called the punishment phase where the jury will
determine what the appropriate punishment will be.  At the first phase of the
trial, the one I just described to you, the guilt/innocence phase, the State
has what is called the burden of proof.  They are the ones who have to bring
forward the evidence in the case and try to convince the jury beyond a
reasonable doubt of the defendant’s guilt.  The State always has that burden of
proof at the guilt/innocence phase of the trial.  It never shifts to the
defendant.  The defendant in this case or any other criminal case never has to
prove anything.  All they have to do is be there.  They don’t have to say a
word.  They don’t have to put on any evidence.  They don’t have to do anything
because it’s the State’s responsibility to convince the jury of the defendant’s
guilt.  These are the same rights that you have if you’re charged with an
offense, the same rights that I have, the same rights that we have throughout
this country based on the constitution of the United States and of our own
state constitution and our state laws. . . .

       As I have already alluded, the State has
the burden of proof . . . .

(3 R.R. at 10-12.)

        Rocha does not show that the trial court’s admonishments tainted
Rocha’s presumption of innocence or commented on the evidence by suggesting
that the trial court believed that the State would successfully prove the case
against Rocha, or that the trial court abused its discretion in its
admonishments.  Rocha forfeits her complaint.  

        We overrule Rocha’s first
issue.

        Jury Charge.  In
Rocha’s second and third issues, she contends that the trial court erred in its
instructions to the jury.

        Texas
Code of Criminal Procedure Article 36.19, governing review of charge error,
provides:

       Whenever it appears by the record in any
criminal action upon appeal that any requirement of Articles 36.14 [or] 36.16
. . . has been disregarded, the judgment shall not be reversed unless
the error appearing from the record was calculated to injure the rights of
[the] defendant, or unless it appears from the record  that the defendant has
not had a fair and impartial trial.  

Tex. Code
Crim. Proc. Ann. art. 36.19 (Vernon
2006); see id. art. 36.14 (Vernon 2007), art. 36.16 (Vernon 2006); Igo
v. State, 210 S.W.3d 645, 647 (Tex. Crim. App. 2006) (citing Almanza v.
State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh’g).  Among
the requirements of Article 36.14 is that the charge must “distinctly set[]
forth the law applicable to the case.”  Tex.
Code Crim. Proc. Ann. art. 36.14.

        “Article 36.19 . . .
sets” two “standards for reversal; error that was called to the court’s
attention will lead to reversal if there was some harm to the appellant, but
unobjected-to error calls for reversal only if it was so egregious as to
deprive the appellant of a fair and impartial trial.”  Flores v. State, 224
S.W.3d 212, 212-13 (Tex. Crim. App. 2007); accord Williams v. State, No.
AP-74,391, 2008 Tex. Crim. App. LEXIS 692, at *53 (Tex. Crim. App. June 11,
2008); Oursbourn v. State, No. PD 1687-06, 2008 Tex. Crim. App.
LEXIS 686, at *28, *42-43, *48-49 (Tex. Crim. App. June 4, 2008); Almanza, 686
S.W.2d at 171-72.  

        Under the latter standard,
error may be “regarded as ‘fundamental’—that is to say, it may subject the
conviction to reversal on appeal regardless of whether the appellant raised an
objection to it in the trial court—if the error caused the appellant ‘egregious
harm.’”  Sanchez v. State, 209 S.W.3d 117, 121 (Tex. Crim. App. 2006)
(quoting Almanza, 686 S.W.2d at 171, 172).  “Errors that result in
egregious harm are those that affect ‘the very basis of the case,’ ‘deprive the
defendant of a valuable right,’ or ‘vitally affect a defensive theory.’”  Ngo
v. State, 175 S.W.3d 738, 750 (Tex. Crim. App. 2005) (quoting Hutch v.
State, 922 S.W.2d 166, 171 (Tex. Crim. App. 1996)); accord Madden v.
State, 242 S.W.3d 504, 513 (Tex. Crim. App. 2007); Almanza at 172.

        In evaluating the harm from
charge error, we consider:

(1)   the charge itself;

(2)   the state of the evidence
including contested issues and the weight of the probative evidence;

(3)   arguments of counsel; and

(4)   any other relevant information
revealed by the record of the trial as a whole.

Olivas v. State, 202 S.W.3d 137, 144 (Tex. Crim. App. 2006) (citing
Hutch, 922 S.W.2d at 171); accord Almanza, 686 S.W.2d at 171.

        Guilt-or-Innocence.  In
Rocha’s second issue, she complains of the charge in the guilt-or-innocence
phase of trial.  

        Code of
Criminal Procedure Article 36.14 provides:

[I]n each felony case . . . ,
the judge shall, before the argument begins, deliver to the jury
. . . a written charge distinctly setting forth the law applicable to
the case; not expressing any opinion as to the weight of the evidence, not
summing up the testimony, discussing the facts or using any argument in his
charge calculated to arouse the sympathy or excite the passions of the jury. 
Before said charge is read to the jury, the defendant or his counsel shall have
a reasonable time to examine the same and he shall present his objections
thereto in writing, distinctly specifying each ground of
objection. . . .

Tex. Code
Crim. Proc. Ann. art. 36.14; see
id. art. 38.05.

        Code of
Criminal Procedure Article 36.16 provides:

       After the judge shall have received the
objections to his main charge, together with any special charges offered, he
may make such changes in his main charge as he may deem proper, and the
defendant or his counsel shall have the opportunity to present their objections
thereto . . . , and thereupon the judge shall read his
charge to the jury as finally written, together with any special charges given,
and no further exception or objection shall be required of the defendant in
order to preserve any objections or exceptions theretofore made. . . . 
The failure of the court to give the defendant or his counsel a reasonable time
to examine the charge and specify the ground of objection shall be subject to
review either in the trial court or in the appellate court.

Tex. Code
Crim. Proc. Ann. art. 36.16.

        In concluding reading from its
written charge, the trial court instructed the jury, “‘If you disagree about
the evidence, the presiding juror may apply to the Court and have the court
reporter’s notes read to the jury.’”  (6 R.R. at 133 (quoting I C.R. at 91).)  

        The trial court, no longer
reading from its written charge, then stated as follows, of which statement
Rocha complains:

Ladies and gentlemen, I want to talk to you a
moment about that last sentence there about communicating with the Court and
disagreeing with the evidence.  It is not infrequent that we will get a
communication from the jury asking to have the transcript of testimony given to
you, testimony transcribed by the court reporter.  I will not be able to comply
with that request if you send one out unless it meets the very stringent and
specific terms.  The only time you can get the court[] reporter’s notes is if
you have a specific disagreement about a specific piece of testimony.  Let’s
say in this case it concerns one of the bottles and you remember one witness
saying this, something about it, and you remember another witness saying
something else.  If you tell me what the specific disagreement is about the
specific point in the trial and point that out to me in your request, then and
only then can we get that small portion of the court reporter’s notes sent in
to you.

(Rocha Br. at 13 (quoting 6 R.R. at
133-34) (bracketed alteration added).)

        In referring to evidence of
“one of the bottles,” (see 6 R.R. at 134), the trial court refers to evidence
of three bottles found at the crime scene.  A carbonated drink bottle had the
fingerprint of State’s witness Rory Pullen.  The lid of an ammonia bottle had a
mixture of the DNA of Rocha and the victim.  The mouth of a bleach bottle had a
mixture of the DNA of Rocha, the victim, and an unknown person.  

        Rocha argues:  

First, this portion of the charge was not in
writing.  Second, the judge commented on the weight of the evidence by
indicating to the jury his opinion that the DNA evidence was important to its
decision.  Third, there was no opportunity for defense counsel to make
objections; he did not have an opportunity to.  Furthermore, in addition to
violations of article 36.14, article 36.16 was violated: “The failure of the
court to give the defendant or his counsel a reasonable time to examine the
charge and specify the ground of objection shall be subject to review either in
the trial court or in the appellate court.”

(Br. at 13-14 (internal citation
omitted) (quoting Tex. Code Crim. Proc.
Ann. art. 36.16)); Tex. Code
Crim. Proc. Ann. art. 36.14.  

        We assume without deciding
that, as Rocha argues, the trial court’s statements constitute charge error. 
But we cannot assume, as Rocha argues, that Rocha preserved a charge
objection.  We perceive no hindrance to Rocha’s objecting at the time that the
trial court made the statements of which Rocha complains.  Accordingly, we
evaluate those statements for egregious harm rather than, as Rocha argues, for
some harm.

        As to the entirety of the
charge, Rocha argues that what she calls the trial court’s “’oral’ jury-charge
instruction stood out precisely because it was oral.”  (Br. at 15.)  But the trial court at the same time instructed the jury on, for example, jury notes
and the responses thereto.  Rocha makes no other objection to the
guilt-or-innocence charge.  The State argues that the instruction of which
Rocha complains was a correct statement of the law.  See Tex. Code Crim. Proc. Ann.  art.
36.28 (Vernon 2006); Howell v. State, 175 S.W.3d 786, 790-92 (Tex. Crim. App. 2005); Robison v. State, 888 S.W.2d 473, 480-81 (Tex. Crim. App.
1994); Moore v. State, 874 S.W.2d 671, 673 (Tex. Crim. App.
1994).  The trial court also instructed the jury against considering anything
the trial court said as a comment on the weight of the evidence in the
following terms:

       You are instructed that you are not to
allow yourselves to be influenced in any degree whatsoever by what you may
think or surmise the opinion of the Court to be.  The Court has no authority by
word or act to indicate an opinion regarding any matter of fact involved in
this case, nor to indicate any desire respecting the outcome.  The Court has
not intended to express any opinion upon any matter of fact in this case, and
if you have observed anything which you have interpreted as the Court’s opinion
upon any matter of fact in this case, you must wholly disregard it.

(I C.R. at 91; see 6 R.R. at
132-33.)

        As to the trial evidence,
Rocha argues that Pullen and another State’s witness “had equal access to” the
victim, and challenges those witnesses’ credibility.  (Br. at 15.)  Rocha argues that Rocha’s DNA evidence on two of the bottles “was the only physical
evidence linking [Rocha] to the murder.”  (Id.)  The State’s theory of
the case was that Pullen’s fingerprint corroborates that he was at the scene of
the crime, and that Rocha’s DNA evidence on the cleaner bottles shows that she
used them to attempt to clean up the scene.  

        As to the argument of counsel,
Rocha points out that the State’s argument, and Rocha’s to a lesser degree,
relied on the DNA evidence.  The State emphasized the presence of Rocha’s DNA
evidence and Pullen’s fingerprint evidence; Rocha emphasized that the DNA
evidence showed the presence of an unknown person.

        As to other evidence, Rocha
argues that there is no other relevant evidence.  The State argues that in
referring to the bottles, the trial court did not clearly refer to the
incriminating DNA evidence on two of the bottles.

        Rocha did not suffer egregious
harm from the trial court’s suggestion that the jury might disagree about
witness testimony so as to call into question the State’s evidence.

        We overrule Rocha’s second
issue.

        Punishment.  In Rocha’s
third issue, she complains of the charge in the punishment phase of trial.  

        Rocha
complains of the following instruction:

Do not let personal bias, prejudice, sympathy or
resentment on your part, or any such personal emotion on your part, enter into
your deliberations or affect your verdict in this case.

(Br. at 18 (quoting C.R. at 97-98); see
7 R.R. at 58.)

        Rocha argues that “it violates
the Eighth and Fourteenth Amendments for the jury to be instructed not to
consider sympathy during punishment.”  (Br. at 18); see U.S. Const. amend. VIII, amend. XIV,
§ 1.  But the United States Supreme Court has held that the jurors need
not “be allowed to base the sentencing decision upon the sympathy they feel for
the defendant after hearing his mitigating evidence.”  Saffle v. Parks, 494
U.S. 484, 489 (1990); accord Wilson v. State, No. 10-07-00171-CR, 2008
Tex. App. LEXIS 5138, at *8-11 (Tex. App.—Waco July 9, 2008, no pet. h.).

        The trial court did not err in
its anti-sympathy instruction.  We overrule Rocha’s third issue.

        Conclusion.  Having overruled Rocha’s issues, we affirm.

TOM GRAY

Chief Justice

Before Chief Justice Gray,

        Justice Vance, and

        Justice Reyna

        (Justice Vance concurs in the judgment
with a note) *

Affirmed

Opinion delivered and filed September 24, 2008

Do not publish

[CRPM]

 

 

            *
“(The Bench Book for Texas Trial Judges sets forth the proper way to qualify a
panel of prospective jurors and introduce the voir dire process in criminal
cases.  Bench Book for the Texas Judiciary, Part III, pp. 3-244 – 3-257, Texas Center for the Judiciary (2004).  The trial judge expanded those instructions in this
case in a way I do not think proper.  See Carr v. State, 249 S.W.3d 502,
504-05 (Tex. App.—Waco 2007, pet. ref’d) (error for the trial judge to
speculate why defendant might choose not to testify); Duffey v. State,
249 S.W.3d 507, 510-11 (Tex. App.—Waco 2007, pet. ref’d) (same).  I would hold
that the instructions beyond the scope of the Bench Book were erroneous and
sustain issue one.  I would, however, find the error harmless and affirm the
judgment.)”